REYNOLDSBURG MOTOR SALES, INC., APPELLANT, *v.* CITY OF COLUMBUS ET AL., APPELLEES.

(No. 72AP-110—Decided August 22, 1972.)

*Messrs. Zingarelli & Finesman, Mr. Ted H. Finesman* and *Mr. Anthony R. Zingarelli*, for appellant.

*Mr. James J. Hughes, Jr.*, city attorney, *Mr. Larry Lacksen* and *Mr. Stephen Enz*, for appellee city of Columbus.

*Messrs. Graham & Dutro* and *Mr. Hubert C. Dutro, Jr.*, for appellees.

STRAUSBAUGH, J. This is an appeal from a judgment in the Franklin County Municipal Court sustaining defendant Paul Norris's motion for a summary judgment and

directing that the automobile in question be returned to defendant Norris.

On October 5, 1971, plaintiff filed its complaint in the trial court, alleging that it was entitled to possession of a certain 1968 Cadillac Eldorado automobile with the manufacturer's serial number H8283119, wrongfully detained by the Columbus police impounding lot, and that on September 23, 1971, the Franklin County Clerk of Courts issued plaintiff an Ohio Certificate of Title No. 256199641. In its second cause of action the plaintiff alleged defendants' detention of said automobile was wilful, wanton and wrongful and that it was entitled to punitive damages.

On November 1, 1971, the trial court sustained defendant city of Columbus's motion to dismiss on the ground of governmental immunity by members of the police department engaged in police duties, which order has not been appealed from. On November 5, 1971, defendant Norris filed his answer denying the allegations in plaintiff's complaint and filing a counterclaim against plaintiff seeking compensatory damages and punitive damages for wrongful and malicious withholding. On December 10, 1971, plaintiff filed an answer to defendant's counterclaim in the nature of a general denial. On January 17, 1972, defendant Norris filed a motion for summary judgment, accompanied by a certified copy by the Registrar of the Bureau of Motor Vehicles of Ohio Certificate of Title No. 255673810 in the name of Paul R. Norris indicating that a 1968 Cadillac Fleetwood Eldorado therein described was owned by Paul R. Norris and that said title was issued on May 12, 1970; also filed was an affidavit sworn to by R. L. Barton stating that he was a special agent of the National Theft Bureau of Chicago, Illinois, and other qualifications, that on October 11, 1971, he inspected a 1968 Cadillac Eldorado with a false vehicle identification plate attached to the dashboard and that he personally inspected the engine number on the engine block which did not match the identification number on the dashboard and that the engine number matched the engine number on a 1968 Cadillac Eldorado reported by Paul Norris on or about September 5 or 6, 1971, to have

been stolen and that the engine number matched the number of the Cadillac to which an Ohio Certificate of Title had been issued to one Paul Norris. There is also attached an affidavit of defendant Paul Norris stating that he was the owner of a 1968 Cadillac Fleetwood Eldorado purchased May 12, 1970, that he was issued an Ohio Title No. 255673810 and that he "has never relinquished ownership of this automobile to anyone, but said automobile was stolen on September 5, 1971."

On January 21, 1972, plaintiff's attorney signed and filed an Amended Reply to Counterclaim generally denying the allegations of defendant's counterclaim and as a first affirmative defense stated:

"* * * plaintiff says that defendant Norris negligently permitted the person who wrongfully came into possession of said automobile to acquire possession of said automobile and the defendant Norris is estopped from asserting previous title."

As the second affirmative defense plaintiff alleges that it was:

"* * * a bona fide purchaser for value, without notice, of said automobile and he acquired Certificate of Title, delivery and possession of said automobile from a person with power to transfer a good title."

On February 2, 1972, plaintiff through its president filed an affidavit stating that the plaintiff had purchased a 1968 Cadillac Fleetwood Eldorado from one Robert Arthur Temple for $2,400, taking title by Certificate of Title Richland County No. 700675647, and was issued a Certificate of Title Franklin County No. 756199641 on September 23, 1971; that it took possession and title without notice that the automobile may have been stolen or that the defendant Norris had any right or interest therein; that the plaintiff examined the automobile and found the manufacturer's serial number to be the same as the number on the Richland County Certificate of Title; that the plaintiff purchased the automobile in good faith for value without notice of any defect of title or interest of defendant Paul Norris.

On February 8, 1972, defendant Norris filed a supple-

mental affidavit, stating that he is the owner of a 1968 Cadillac Fleetwood Eldorado which is the subject of this action; that it was the same automobile which came into possession of plaintiff; "that he has never voluntarily relinquished possession or control of said automobile to anyone"; that on February 25, 1972, the court granted defendant's motion for summary judgment and that the automobile be returned to defendant with costs taxed to plaintiff. The court denied the summary judgment as to damages requested in defendant's counterclaim. It is from this order that plaintiff appeals.

Plaintiff's single assignment of error is:

"The trial court erred in sustaining appellee's motion for summary judgement [sic] because there were genuine issues of fact before it concerning the property rights of the parties and therefore it's [sic] decision was contrary to law and against the manifest weight of the evidence."

Civil Rule 56(C) provides:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

Civil Rule 56 (E) provides:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise

provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Defendant Norris, in his original affidavit, swore that he had never relinquished ownership of his automobile to anyone, but that said automobile had been stolen on September 5, 1971.

The Supreme Court held, in the third paragraph of its syllabus in *Hardware Mutual Casualty Co.* v. *Gall* (1968), 15 Ohio St. 2d 261:

"Under the provisions of the Ohio Certificate of Motor Vehicle Title Act, absent any question of estoppel arising from an act of the owner, a thief cannot convey valid title to a stolen motor vehicle to a bona fide purchaser for value without notice, although the certificate of title used in the purported transfer appears valid on its face. * * *"

Here, the plaintiff at no time denied the theft of the automobile but claims only that defendant Norris negligently permitted a person to wrongfully come into possession, thereby estopping Norris from asserting previous title. This assertion is made in an unsworn pleading signed only by plaintiff's attorney. Nowhere is this accompanied by an affidavit. Nor does plaintiff claim that defendant Norris was negligent insofar as the certificate of title was concerned but only insofar as possession was concerned. The two key words in the allegation are "negligently permitted." In defendant Norris's original affidavit he swore that he had never relinquished ownership of his automobile to anyone but that said automobile was stolen. Again, in his supplemental affidavit he swore that he had never voluntarily relinquished possession or control of said automobile to anyone.

Judge Matthias, in *Cunningham* v. *J. A. Myers Co.* (1964), 176 Ohio St. 410, at page 413, stated:

"An unsupported allegation in the pleadings is not sufficient to require a denial of a summary judgment. The main purpose of the summary judgment statute is to en-

able a party to go behind allegations in the pleadings and assess the proof in order to see whether there is a genuine need for trial. * * *''

The defendant herein denies any negligent permission by denying any voluntary relinquishment of possession.

Judge Troop, in *State Farm Mutual Automobile Ins. Co.* v. *Valentine,* unreported case number 71-142, rendered on September 14, 1971, in this court, made a very thorough analysis and discussion of a similar question. The two cases are distinguishable. In *Valentine,* the case involves the doctrine of estoppel as it pertained to the certificate of title which had been endorsed in blank. In the present case there is no allegation whatsoever concerning estoppel involving the certificate of title but, only a bare allegation involving possession which was unsupported by any type of affidavit but which, on the other hand, is denied positively by defendant.

We find in any event that the affidavit of defendant Norris goes far enough to compel plaintiff not to rely upon mere pleadings but, at the least, to file contra affidavits to support its contentions that issues of fact are present. Plaintiff's assignment of error is overruled.

The judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

TROOP, P. J., and REILLY, J., concur.