PITTSBURGH PRESS COMPANY, APPELLEE, *v.* CABINETPAK KITCHENS OF COLUMBUS, INC., APPELLANT.

(No. 83AP-822—Decided February 16, 1984.)

Mr. *J. Patrick Thomas,* for appellee.
Mr. *John J. Connors, Jr.,* for appellant.

GREY, J. Plaintiff-appellee, Pittsburgh Press Company (hereinafter "Pittsburgh"), sued defendant-appellant, Cabinetpak Kitchens of Columbus, Inc. (hereinafter "Cabinetpak"), on an account. Cabinetpak answered, and Pittsburgh moved for summary judgment. Cabinetpak did not respond, and summary judgment was granted on January 3, 1983. Cabinetpak filed a motion to reconsider with an affidavit saying that the account was in the name of Cabinetpak of Pittsburgh, and that Cabinetpak of Columbus was a separate corporation and not liable. This motion was filed on January 20, 1983, and overruled on March 4, 1983, when the time for appealing the summary judgment had passed.

Cabinetpak obtained new counsel and filed a motion for relief from judgment on June 30, 1983; and, it is from the denial of that motion on July 18, 1983 that Cabinetpak now appeals, designating two assignments of error, as follows:

"1. The lower court erred in granting the plaintiff-appellee's motion for summary judgment.

"2. The lower court erred in denying the defendant-appellant's motion for relief after judgment."

Assignment of Error No. 1 is easily disposed of. The trial court had only the affidavit of Pittsburgh when it granted summary judgment. A party may not, on summary judgment, rely on the bare assertions in the pleadings but must file counter-affidavits. *Reynoldsburg Motor Sales, Inc.* v. *Columbus* (1972), 32 Ohio App. 2d 271 [61 O.O.2d 310]; *Siegler* v. *Batdorff* (1979), 63 Ohio App. 2d 76, 82 [17 O.O.3d 260]. The trial court, therefore, was correct in granting Pittsburgh's motion for summary judgment. In any event, the summary judgment was not timely appealed, and we cannot consider it. Assignment of Error No. 1 is overruled.

Assignment of Error No. 2 is also easily disposed of. Cabinetpak's motion for relief from judgment did meet the re-

quirements of Civ. R. 60(B) and *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], paragraph two of the syllabus, in that it was timely and did assert a valid defense. The motion had, however, one fatal defect.

If we were to hold that a party who neglects to respond to a motion for summary judgment is entitled to relief when he files a Civ. R. 60(B) motion, supported by affidavits which should have been filed in opposition to the motion for summary judgment, we would be disemboweling the whole summary judgment procedure. No party would be required to file counter-affidavits under Civ. R. 56 if he could later obtain relief under Civ. R. 60(B) from his omission. Indeed, were a party interested in delaying the final outcome of a case, he would invariably resort to such a tactic.

Civ. R. 56 is designed to speed up cases; Civ. R. 60(B), to grant relief where justified. These rules do not conflict, but Cabinetpak's strained analysis would create a conflict.

We do not hold that a trial court may never grant Civ. R. 60(B) relief where a party has negligently failed to respond to a motion for summary judgment. The discretion granted to a trial court under Civ. R. 60(B) is, to achieve just results, quite broad. But, where a court denies such relief as here, the burden is on the appellant to show the court has abused its discretion. As that term is usually defined, an arbitrary, capricious or unreasonable attitude, *Klever* v. *Reid Bros. Express, Inc.* (1951), 154 Ohio St. 491 [43 O.O. 429], Cabinetpak has failed to show an abuse of discretion. Assignment of Error No. 2 is overruled.

For the foregoing reasons, both assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and MOYER, JJ., concur.

GREY, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.