## Culickio
### v.
### The Olive Garden Restaurant
*[Cite as 3 AOA 135]*

*Case No. L-89-290*
*Lucas County, (6th)*
*Decided May 4, 1990*

*William R. Menacher, for Appellant.*

*Robert D. Weisman and Corey V. Crognale, for Appellee.*

This is an appeal from a judgment of the Lucas County Court of Common Pleas wherein appellee's motion for relief from judgment was granted. The facts giving rise to this appeal area as follows:

On November 22, 1986, appellant, Joseph J. Culickio, was injured when he slipped and fell on a wet floor at his place of employment, the Olive Garden Restaurant ("Olive Garden"), in Toledo, Lucas County, Ohio. On January 7, 1987, appellant filed a claim with the Ohio Workers' Compensation Bureau for compensation and medical benefits relating to physical injuries sustained as a result of the fall. The Industrial Commission of Ohio allowed this claim for:

"[c]ontusion to right elbow; small laceration right elbow with erythema area surrounding the wound."

On October 22, 1987, appellant filed a motion to amend his claim to included:

"[i]ntracerebral bleed right hemisphere; focal seizures secondary to intracerebral hematoma, epileptic; deep vein thrombosis with pulmonary embolism; anemia secondary to bleeding requiring blood transfusions; thrombocytopenia secondary to tegretol; olecranon bursitis right elbow; consumption coagulapathy."

The district hearing officer granted the additional allowance. This allowance was then affirmed by the Toledo Regional Board of Review. However, upon appeal by Culickio's employer, appellee, the Olive Garden, two staff hearing officers of the Ohio Industrial Commission found that all of the amended claims, excepting the claim for "olecranon bursitis right elbow," related to a head trauma not sustained in the fall in appellant's place of employment and disallowed those claims.

Appellant filed a notice of appeal, pursuant to R.C. 4123.519, in the Lucas County Court of Common Pleas on March 7, 1989, and named the Olive Garden, 1919 Reynolds Road, Toledo, Ohio, 43614, and James Mayfield, Administrator of the Ohio Bureau of Workers' Compensation ("Bureau"), as appellees. Appellant filed a complaint setting forth the facts of the case on March 14, 1989. The Olive Garden was served with both the notice of appeal and the complaint by certified mail at its local address.

On April 19, 1989, the Bureau filed its answer, but the Olive Garden failed to respond. On May 5, 1989, appellant filed a motion for a

default judgment against the Olive Garden and attached a copy of the return of service on the complaint in support of that motion. Default judgment was entered against the Olive Garden on May 9, 1989. On July 3, 1989, final judgment was entered and, with the consent of the Bureau, appellant was granted the right to participate in workers' compensation benefits for the previously disallowed claims.

Approximately two hours after entry of final judgment, the Olive Garden filed a motion for relief from judgment under Civ. R. 60(B)(1), mistake, inadvertence, surprise or excusable neglect. The following undisputed facts were set forth in appellee's memorandum of law, affidavits in support, answer, and other supporting documents.

General Mills Restaurant, Inc., doing business in Ohio as the Olive Garden Restaurant, is a Florida corporation with headquarters in Orlando, Florida. General Mills Restaurant, Inc., is a wholly owned subsidiary of General Mills, Inc. (hereinafter collectively known as "General Mills"), a Delaware corporation whose principal place of business is in Minneapolis, Minnesota. The statutory agent in Ohio for both corporations is CT Corporation of Cleveland, Ohio. The General Mills name and the address of their principal place of business were set forth in the decision of the Ohio Industrial Commission.

General Mills admitted receiving the notice of appeal served on Olive Garden in Toledo, Ohio. However, it denied ever receiving the complaint, the motion for default judgment, or the entry of default judgment until after contacting and receiving copies of these documents from the Lucas County Court of Common Pleas. The complaint was received, at the Olive Garden, and return of service signed by an employee, but never sent through to corporate headquarters. The affidavits of David Olean, Assistant Risk Manager of General Mills, who is responsible for all aspects of workers' compensation for the Olive Garden, and Robin Ratcliff, a legal assistant in appellee's law firm, attested to the fact that General Mills first learned of the default judgment on June 19, 1989, when Ratcliff contacted the Lucas County Court of Common Pleas in order to check on the status of the case. Upon learning of the default, appellant immediately prepared and filed a motion for relief from judgment.

On September 19, 1989, the trial court granted the Civ. R. 60(B) motion. Appellant filed a timely notice of appeal and asserts as error:

"THE TRIAL COURT ERRED IN GRANTING APPELLEE OLIVE GARDEN RESTAURANT'S MOTION FOR RELIEF FROM DEFAULT JUDGMENT AS APPELLEE DID NOT DEMONSTRATE EXCUSABLE NEGLECT, MISTAKE, OR INADVERTENCE AS REQUIRED BY CIVIL RULE 60 (B) (1)."

Our consideration of this appeal is governed by Civ. R. 60(B) and the case interpreting that rule. Civ. R. 60(B) provides, in material part:

"(B) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: '(1) mistake, inadvertence, surprise or excusable neglect; *** The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.' "

The Supreme Court of Ohio has held that the issue to be decided on an appeal from a grant or denial of a Civ. R. 60 motion for relied from judgment is whether the trial court abused its discretionary authority provided by the rule. *Moore* v. *Emmanual Family Training Ctr.* (1985), 18 Ohio St. 3d 64. The burden is on the appellant to show that the court's attitude in reaching its decision was unreasonable, arbitrary, or unconscionable. *Pittsburgh Press Co.* v. *Cabinetpak Kitchens of Columbus, Inc.* (1984), 16 Ohio App. 3d 167, 168.

Upon presenting a motion for relief from judgment, a movant must demonstrate:

"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)B(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, paragraph two of the syllabus.

In order to sustain the motion, all three of the aforestated elements must be present. *GTE Automatic Electric, supra*, at 151. Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any,

should be resolved in favor of the movant so that cases can be decided on their merits. *Id.*

Appellant concedes that appellee's Civ. R. 60(B) motion was filed within a reasonable time and that appellee has a meritorious defense if relief is granted. Appellant contends, however, that appellee has failed to show excusable neglect or mistake as required by Civ. R. 60(B)(1).

Appellant asserts that appellee was properly served by certified mail under Civ. R. 4.22(6) at a "usual place of business," the Olive Garden in Toledo, Ohio, and, therefore, appellee's failure to appear cannot be excused.

While we agree with appellant that jurisdiction over a corporate defendant can be obtained by certified mail service at its usual place of business, see *Samson Sales* v. *Honeywell, Inc.* (1981), 66 Ohio St. 2d 290, a motion for relief from judgment based upon "excusable neglect" can still be sustained despite service in accordance with the civil rules See, *e.g.*, *Colley* v. *Brazell* (1980), 64 Ohio St. 2d 243; *GMAC* v. *Deskins* (1984), 16 Ohio App. 3d 132; *Antonopoulous* v. *Eisner* (1972), 30 Ohio App. 2d 187. As stated in the editor's note following Civ. R. 4.1:

"* * * even if certified mail process is directed to a proper address, such as defendant's residence or usual place of business, and a person other than the defendant-addressee signs the return receipt, the defendant, on occasion, may fail for some reason to receive the process. In that event, should the judgment be entered by default, the defendant may invoke the safeguards of Rule 60(B)(1), which permits vacation of a voidable judgment on the grounds of excusable neglect. In short, if the defendant has a viable explanation as to why he did not receive actual notice, the default judgment will be vacated and the action tried on the merits. *Horn* v. *Inelectron Corp.*, 294 FSupp. 1153 (S.D.N.Y. 1968) (mail service); *Huntington Cab Co.* v. *American Fidelity & Gas Co.*, 4 FRD 496 (S.D.W.Va. 1945) (mail service). On the other hand, the judgment will not be vacated if the defendant presents no excuse or an inadequate excuse as to why he did not receive notice." (Citations omitted.) See, also, 11 Wright & Miller, Federal Practice & Procedure 165-166, Section 2858.

In this case, appellee offered uncontroverted affidavits stating that it had never received appellant's complaint because that document was never forwarded to appellee's principal place of business due to the mistake, inadvertence or excusable neglect of an Olive Garden employee.

Upon discovery of the order of default judgment, appellee promptly filed a motion for relief from judgment asserting a meritorious defense. Taking into consideration all the facts and circumstances presented to the trial court in the motion for relief from judgment, we conclude that said court did not abuse its discretion in granting the motion and vacating the default judgment.

Accordingly, appellant's sole assignment of error is found not well-taken.

On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas in affirmed. Costs of this appeal assessed to appellant.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER, J., RESNICK, J., concur.