OPINION
Jeffrey and Alisha Miller, husband and wife, are appealing from the decision of the Greene County, Ohio, Common Pleas Court, granting summary judgment for the defendants on the Millers' claims of intentional infliction of emotional distress, loss of consortium, and request for punitive damages. The Millers had originally sued the defendants, who consist of the City of Xenia, Xenia Police Department, Officer Peter Wiza, Sgt. Dan Donahue, Chief Dan O'Malley, Prosecutor Clinton R. Wilcoxson, and Diane Roden, when appellant Jeffrey was arrested and taken from his home for his failure to appear for a trial scheduled to hear a complaint about a dog that the Millers kept at their house.
The Millers originally sued for a variety of claims, but only the three at issue here survived an untimely refiling of the complaint after the voluntary dismissal of it by the Millers.
The Millers' sole assignment of error is that the trial court erred in granting defendants' motion for summary judgment. Within that assignment, the Millers present the following three issues for our review:
 THE TRIAL COURT PREJUDICED THE PLAINTIFFS AND ABUSED ITS DISCRETION IN GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM.
 THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH REGARD TO PLAINTIFF ALISHA MILLER'S LOSS OF CONSORTIUM CLAIMS.
 THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH REGARD TO PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES.
 The trial court's opinion and decision granting summary judgment carefully analyzed the applicable law and such facts that are relevant to its decision, as follows:
 The matter before this Court concerns Defendants', the City of Xenia, Xenia Police Department, Officer Peter Wiza, Sgt. Dan Donahue, Chief O'Malley, and Prosecutor Ralph Wilcoxson,[1] Motion for Summary Judgment pursuant to Rule 56(c) of the Ohio Rules of Civil Procedure against the Plaintiffs, Jeffrey and Alisha Miller. Defendants move for Summary Judgment on the remaining claims of intentional infliction of emotional distress, loss of consortium, and punitive damages.
 I. Summary judgment is proper pursuant to Ohio Civil Rule 56(C) when (1) there is no genuine issue of material fact; (2) the moving party is entitled to a judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66. "The burden of demonstrating that no genuine issues exists as to any material fact falls upon the moving party requesting a summary judgment." Id. Only disputes over facts that might affect the outcome of the suit may preclude summary judgment. Anderson v. Liberty Lobby, Inc., (1986), 477 U.S. 242, 248.
 The inquiry involved in a ruling on a motion for summary judgment necessarily implicates the substantive evidentiary standard of proof that would apply at a trial on the merits. Id. at 252. Therefore, the Court, in reviewing a motion for summary judgment, must ask not whether it thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. Id. This means that there must be more than the mere existence of a scintilla of evidence in support of a plaintiff's position. Id.
 Once the moving party has satisfied its initial burden of showing that there is no genuine issue of material fact, the nonmoving party has a reciprocal burden to set forth-specific facts showing a genuine issue for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must set forth specific facts. Reynoldsburg Motor Sales v. Columbus (1972), 32 Ohio App.2d 271, 274. When the standard is met, summary judgment must be rendered as a matter of law.
 II A. Intentional Infliction of Emotional Distress Plaintiff Jeffrey Miller alleges that the Defendants' conduct jointly and severally constituted an outrageous, intentional and reckless invasion of Jeffrey Miller's rights and as a result of the Defendants' actions the Plaintiffs have suffered severe emotional distress. The standard adopted by the Ohio Supreme Court for a claim of intentional infliction of emotional distress states, "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if some bodily harm to the other results from it, for such bodily harm." Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen Helpers of America (1983), 6 Ohio St.3d 369, 374. The Yeager
court stated:
 "the liability [for intentional infliction of emotional distress] clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where some one's feelings are hurt."
 Yeager, 6 Ohio St.3d at 375. The defendants' conduct, as alleged by the Plaintiffs, does not rise to the level of extreme and outrageous conduct required to create a genuine issue of material fact over which reasonable minds could differ. The officers were acting pursuant to a lawful arrest warrant. Although Jeffrey Miller may have been embarrassed because his neighbors were watching, the officers had no control over the curiosity of his neighbors.
 In addition to the inability of the intentional infliction of emotional distress claim to survive on the merits, immunity bars the action against the Defendants. The City of Xenia argues that it is entitled to immunity under R.C. 2744.02(A). Political subdivisions are shielded from civil liability stemming from employees' negligent or reckless acts pursuant to R.C. 2744.02(A)(1) subject to enumerated exceptions. There is, however, no exception for the intentional tort of intentional infliction of emotional distress. Wilson v. Stark Cty. Dept. Of Human Services (1994), 70 Ohio St.3d 450., Plaintiffs allege that this section does not apply because R.C. 2744.09 limits immunity for "civil claims based upon alleged violation of the constitution or statutes of the United States." R.C. § 2744.09. The remaining claims in this case include intentional infliction of emotional distress and loss of consortium. Neither of these claims allege a violation of the constitution or statutes of the United States. Therefore, the City of Xenia is entitled to immunity from the intentional infliction of emotional distress claim because intentional infliction of emotional distress does not fall with one of the exceptions to municipal immunity.
 In its Memorandum Contra to Defendants Motion for Summary Judgment, Plaintiffs did not respond or oppose the Defendants' argument that the Xenia Police Department is a non-legal entity incapable of being sued. As such, Summary Judgment is granted with regard to the Xenia Police Department.
 Officer Wiza, Sgt. Donahue, Chief O'Malley and Prosecutor Wilcoxson are entitled to immunity under R.C. 2744.03(A)(6) as employees of a political subdivision. This provision states, in pertinent part:
 [T]he employee is immune from liability unless one of the following applies:
 (a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;
 (b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 (c) Liabilities expressly imposed upon the employee by a section of the Revised Code.
 The Court finds that none of the above exceptions to immunity apply to this instant action. Plaintiffs are not alleging that the Defendants' acts were outside their scope of employment. Plaintiffs have failed to set forth sufficient facts alleging that the Defendants acted with malicious purpose, in bad faith, or in a wanton or reckless manner to create a genuine issue for trial. In addition, an Ohio statute does not expressly impose liability upon them. As such, Summary Judgment is granted with respect to officer Wiza, Sgt. Donahue, Chief O'Malley and Prosecutor Wilcoxson.
 B. Loss of Consortium Alisha Miller alleges a loss of consortium claim against the defendants as a result of the alleged actions of the Defendants in causing injury to her husband, Jeffrey Miller. A loss of consortium claim is a derivative cause of action dependant upon the existence of a primary cause of action. Messmore v. Monarch Machine Tool Co. (1983), 11 Ohio App.3d 67. Because the Court finds that the primary cause of action, intentional infliction of emotional distress, fails to survive the Motion for Summary Judgment, the derivative cause of action, loss of consortium, fails as a matter of law.
 C. Punitive Damages Defendants also move for summary judgment on the punitive damages claim. "Proof of actual damages on the underlying claim is a necessary predicate for award of punitive damages." Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 649. Here, the underlying claims are intentional infliction of emotional distress and loss of consortium. The Court, however, grants Defendants' Motion for Summary Judgment with regard to these claims. In Ohio, a civil action may not be maintained simply for punitive damages, but, rather punitive damages are awarded as mere incident to the cause of action in which they are sought. Id. As such, Defendants' Motion for Summary Judgment is granted with regard to the punitive damages claim.
 In sum, the City of Xenia, Officer Wiza, Sgt. Donahue, Chief O'Malley and Prosecutor Wilcoxson are immune from civil liability for the intentional infliction of emotional distress claim. In addition, the intentional infliction of emotional distress claim fails on the merits. Plaintiffs have not set forth sufficient facts that create a genuine issue of fact about whether the defendants' actions were extreme and outrageous. The derivative cause of action for loss of consortium fails to survive the motion for summary judgment because the primary cause of action fails to survive it. Lastly, defendants' motion for summary judgment is granted with regard to the punitive damages claim because the underlying claims did not survive the motion.
 Although the Court did not strike the Defendants' remarks pursuant to Plaintiffs' Motion to Strike, the Court only considered evidence pursuant to Rule 56. In addition, although the Court did not strike Dr. James Barna's affidavit pursuant to Defendants' motion or allow the supplemental affidavit, the Court did review these documents and finds that striking the affidavit and/or allowing the supplemental affidavit would not change the Court's decision.
 WHEREFORE, it is the decision of the Court that Defendants' Motion for Summary Judgment is well-founded. Therefore, the Defendants' Motion for Summary Judgment is GRANTED.
Docket 77.
We hereby approve and adopt the opinion and decision of the trial court as our own and overrule the sole assignment of error. We agree with the trial court that the plaintiffs did not present sufficient evidence to raise an issue that the conduct of the appellees was extreme and outrageous or in malice, in bad faith, or in a reckless and wanton manner. The only possible conduct that may have been outrageous, but without our deciding the issue, was the alleged conduct by Greene County jail employees in forcing Jeffrey to strip in public view. However, neither Greene County, nor its jailors are parties to this case.
The Millers' only attack against the immunity which the trial court found, and which we agree with, that the City of Xenia and its employees enjoy is that the law should be changed as it is unfair. However, that is a matter for The General Assembly to address, and not this court.
The second and third issues which the Millers presented for review were adequately addressed by the trial court in its decision.
The judgment is affirmed.
BROGAN, J. and FAIN, J., concur.
[1] Diane Roden had been dismissed from the case by the plaintiffs. Footnote added.