OPINION
{¶ 1} Jane F. Dixon is appealing from the decision by the trial court sustaining motions for summary judgment filed by the defendants and by the auditor of the State, and overruling Dixon's motion for summary judgment. The facts and proceedings of the case in the trial court, and its rationale for its decisions, are contained in the decision of the court, as follows:
 {¶ 2} "INTRODUCTION/FACTUAL BACKGROUND
 {¶ 3} "Plaintiff, Jane Dixon, was, prior to June 5, 2003, one of three voting members of the City Day Community School, Inc. (City Day). City Day is a charter school which began operation on August 27, 1998 under a five year contract with the Ohio Department of Education. City Day's original developers were Ms. Dixon, Roseda Goff, Judith Johnson, and Francine Bankston-Cummings. Ms. Bankston-Cummings voluntarily terminated her position with City Day prior to the filing of Ms. Dixon's complaint. The five year contract expired in June 2002. City Day has received a new one year probationary contract wherein City Day will operate under the Ohio Department of Education's supervision.
 {¶ 4} "Ms. Dixon's complaint was filed on October 5, 2001 seeking the right to inspect City Day's books and records, an order requiring City Day to honor its contractual agreement with the Ohio Department of Education, and for the appointment of a receiver. The Court, based upon an agreement between the parties, issued on November 1, 2001 a preliminary injunction granting Ms. Dixon the right `to inspect and copy the original records and books of [City Day].' (November 1, 2001 Order).
 {¶ 5} "Thereafter, a seemingly interminable inspection process occurred. The case was scheduled for a bench trial on September 27, 2002, but, just before the trial was to begin, City Day filed a motion suggesting that since the State of Ohio provides City Day's funding that, under Ohio R.Civ.P. 19(A), the State of Ohio was a necessary party. This Court agreed, and on September 27, 2002 an Order was issued requiring the State of Ohio be added as a party. A rescheduled bench trial was to beginon September 26, 2003, but effective June 7, 2003 Ms. Dixonresigned from City Day and, based upon her resignation, she wasremoved as a member of City Day's Board of Governors. Ms. Dixon's resignation triggered the pending summary judgment motions.
 {¶ 6} "I. Standard for Summary Judgment
 {¶ 7} "Summary judgment is appropriate under Civ. R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, with the non-moving party being entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. `The burden of demonstrating that no genuine issue exists as to any material fact falls upon the moving party requesting summary judgment.' Id.
 {¶ 8} "By establishing that the nonmoving party's case lacks the evidence necessary to support its claims, the moving party has discharged its burden. Dresher v. Burt (1996),75 Ohio St.3d 280, 289-90. If the moving party satisfies this initial burden, the nonmoving party then has the reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. Id. at 293. In opposing summary judgment, the nonmoving party may not merely rest upon the allegations or denials in the pleadings, but must set forth specific facts showing a genuine issue for trial. ReynoldsburgMotor Sales v. Columbus (10th Dist. 1972), 32 Ohio App.2d 271,274.
 {¶ 9} "DISCUSSION
 {¶ 10} "Ms. Dixon, when she was a member of City Day's, certainly had a right to inspect City Day's books and records. This right was vindicated by the November 1, 2001 Order granting Ms. Dixon the right to inspect City Day's books and records. City Day's motion is supported by the affidavits of Roseda Goff and Judith Johnson. The affidavits assert that Ms. Dixon was granted access to City Day's records and books, and Ms. Dixon hassubmitted no Rule 56 material to the contrary. Further, Ms.Dixon, upon her resignation and removal from City Day's GoverningBoard, lost her prospective right to review the books andrecords. (O.R.C. § 1702.13(D). Accordingly, City Day and the Ohio State Auditor are entitled to summary judgment concerning this claim.
 {¶ 11} "City Day's Honoring of Contractual Agreement withState of Ohio
 {¶ 12} "The initial five year contract between City Day and the Ohio Department of Education expired on June 30, 2003. It would have been during this period that Ms. Dixon had any interest in City Day's purported failure to honor City Day's contract with the Department of Education. The affidavits submitted by Ms. Goff and Ms. Johnson attest that audits conducted by the State of Ohio Auditor during this five year period did not trigger any proposed findings of recovery against City Day. Ms. Dixon has submitted no Rule 56 material to the contrary. It is, accordingly, concluded that Ms. Dixon has failed to create a genuine issue of fact concerning City Day's failure to honor its contractual agreement which terminated on June 30, 2003. Additionally, Ms. Dixon has no arguable interest in the current contract between City Day and the Department of Education. City Day and the State of Ohio Auditor are entitled to summary judgment concerning the issue of City Day's purported failure to honor its contractual agreement with the Department of Education.
 {¶ 13} "Appointment of Receiver
 {¶ 14} "Ms. Dixon's final claim concerns her request for the appointment of a receiver. Since Ms. Dixon has no arguable interest in the current contract, she is not in a position to assert a claim for the appointment of a receiver. Further, Ms. Dixon has not presented any Rule 56 material which creates a genuine issue of fact that a receiver is warranted for any of the reasons outlined by O.R.C. 2735.01. Accordingly, City Day and the Ohio State Auditor are entitled to summary judgment concerning Ms. Dixon's claim for the appointment of a receiver.
 {¶ 15} "CONCLUSION
 {¶ 16} "The Court, for the stated reasons, sustains City Day's motion for summary judgment and the Ohio State Auditor's motion for summary judgment, and each Defendant is granted judgment against Plaintiff, Jane Dixon. This ruling obviously means that Ms. Dixon's motion for summary judgment filed against each Defendant is overruled." (Emphasis added). (Docket 75).
 {¶ 17} On appeal, Dixon, with counsel, argues for various reasons that the aforequoted decision of the trial court was erroneous and asks that we reverse the court's decision and grant summary judgment to her.
 {¶ 18} In its decision, the court stated that Ms. Dixon submitted no Rule 56 material in opposition to the defendants' motions for summary judgment. We find no such material in the record before us, but at oral argument Dixon's counsel maintains that she did submit affidavits in opposition to the defendants' motions, and counsel for the State of Ohio from the Attorney General's Office admitted during oral argument that she had received the plaintiff's memorandum with two affidavits attached. Be that as it may, it is the responsibility of the appellant to see that the pertinent portions of the record are transmitted to the Court of Appeals following the notice of appeal. However, this issue is of no matter as it will be rendered moot by our decision in this case.
 {¶ 19} The court noted in its opinion that Ms. Dixon had resigned from City Day before the scheduled trial and was consequently removed as a member of City Day's Board of Governors. The court further noted that because of this she has lost her prospective right to review the books and records. See emphasized portions of decision above. We agree. Ms. Dixon has no right to any further inspection of the corporation's records and it would be a useless act to remand this case for further proceedings, whether or not Ms. Dixon opposed the defendants' summary judgment motions with any Rule 56 material. See R.C.1702.13(D).
 {¶ 20} Ms. Dixon argues that her resignation should have no effect on the relief the trial court had previously granted her in its preliminary injunction. However, that form of provisional remedy merges into and is extinguished by the final order or judgment entered in a case. Therefore, the summary judgment retroactively extinguished Ms. Dixon's right to now complain that the trial court erred when it failed to find Defendant-Appellee in contempt for denying Ms. Dixon the access she was afforded by the preliminary injunction. The plaintiff-appellant has lost her right to engage in any further proceedings in this matter. The assignment of error is overruled and the judgment is affirmed, although not necessarily for all the reasons set forth by the trial court.
Wolff, J. and Grady, J., Concur.