JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Michael Tartaglia, appeals the trial court's denial of his motion to vacate prior judgments, including two motions for summary judgment and a motion for default judgment. After a thorough review of the record and for the reasons set forth below, we affirm.
 {¶ 2} The underlying action stems from the purchase of real property by appellant from seller, Dagmar Blank ("Blank"). On June 10, 2004, appellant filed a complaint in the common pleas court against several defendants. Appellant alleged fraudulent misrepresentation, negligent misrepresentation, and breach of contract against appellee Blank; he alleged trespass/encroachment and quiet title against appellee Danielle Davidson ("Davidson"), the owner of property adjacent to the rear of appellant's property; and he alleged negligence and sought a declaratory judgment against appellee Chicago Title Insurance Company ("Chicago Title").[1]
 {¶ 3} On or about May 19, 2003, appellant entered into a purchase agreement with Blank for the real property located at 21204 Lake Road (the "Property"), Permanent Parcel No. 302-12-029. At the time of the sale, all paperwork involved reflected that the dimensions of the property appellant was buying were 60 feet wide and 170 feet deep. Some time after the sale, appellant allegedly learned from a map in the Cuyahoga County Recorder's Office that the dimensions of the Property were 60 feet wide and 200 feet deep. Appellee Davidson *Page 5 
owns structures built on the 30 feet by 60 feet of land in dispute. Appellees maintain that the dimensions of the Property are 60 feet by 170 feet, and that these have been the dimensions of the Property for 56 years, based on a 1948 conveyance of the tract of land from the owners of appellant's land to the owners of Davidson's land at that time. Appellees further maintain that the map referenced by appellant was never corrected to reflect the conveyance.
 {¶ 4} This case was disposed of in several steps at the trial court level. Appellant's claims against Chicago Title were disposed of when the court granted summary judgment in favor of Chicago Title (May 18, 2005). Appellant's claims against Blank and Davidson were disposed of when the court granted summary judgment in favor of both appellees (July 13, 2005). Davidson's counterclaim for declaratory judgment against appellant was disposed of when the court granted a default judgment (March 16, 2005) declaring the disputed property to be hers. On July 14, 2005, the court entered a judgment entry stating: "This case is hereby closed as all claims against all defendants raised in plaintiff's complaint have been resolved and plaintiff's amended complaint was stricken on April 5, 2005 (sic). Court cost assessed to the plaintiff(s)." On December 28, 2006, the court denied appellant's motion to vacate, filed December 4, 2006 by appellant's counsel of record, James Major.
 {¶ 5} While appellant continues to maintain that he owns the 30 feet of property in dispute, as a basis for this appeal, he also raises the argument that his *Page 6 
attorney failed to prosecute his claims. Appellant retained James Major as his attorney in the underlying action. Appellant asserts that the representation he received from Major throughout the course of the litigation was "dismal." Among the deficiencies in his representation, appellant lists his attorney's failure to answer Davidson's counterclaim, respond to dispositive motions, appear at a default hearing, and his waiting over 16 months to file a motion to vacate final judgments in this case.
 {¶ 6} Appellant raises three assignments of error, all of which stem from his contention that the reprehensible conduct of his former counsel warrants relief from judgment. The crux of appellant's argument is that, but for his attorney's substandard representation, he would have prevailed on the merits of his case. We review this appeal, however, as to whether the trial court abused its discretion in failing to grant appellant relief from judgment under Civ.R. 60(B).
 {¶ 7} Civ.R. 60(B) states: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or *Page 7 
otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 8} The requirements necessary to satisfy Civ.R. 60(B) are summarized in GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus: "To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 9} On review, an abuse of discretion standard is applied to a trial court's decision to grant relief from judgment pursuant to Civ.R. 60(B).State ex rel. Richard v. Seidner, 76 Ohio St.3d 149, 1996-Ohio-54,666 N.E.2d 1134. The term "abuse of discretion" denotes more than an error of law or judgment; it implies that the court's attitude is "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 5 Ohio B. 481, 450 N.E.2d 1140.
 Denial of Civ.R. 60(B) Motion *Page 8 {¶ 10} "I. The trial court erred in denying Plaintiff-Appellant's Rule 60(B) motion to vacate the trial court's previous judgments granting all Defendants-Appellees' motions for summary judgment as unopposed when Plaintiff-Appellant was being represented by counsel who was so grossly negligent in his representation of Plaintiff-Appellant so as to cutoff imputation of his gross misconduct to Plaintiff-Appellant under Ohio R. Civ. P. 60(B)(5)."
 {¶ 11} In his first assignment of error, appellant argues that the court erred by denying his Civ.R. 60(B) motion to vacate summary judgment in favor of Blank and Davidson and granting default judgment in favor of Davidson on her counterclaim for declaratory judgment. His argument is two-fold: first, after the court rendered its final judgment, he learned of new information that showed he was the owner of the 30 feet of land in dispute; and second, that his former attorney's gross negligence was inexcusable neglect that prevented appellant from effectively prosecuting his case.
 {¶ 12} We first address appellant's argument that the court erred in denying appellant's motion to vacate Davidson's default judgment. With respect to timeliness, a motion to vacate brought under Civ.R. 60(B)(1) or (3) must be filed within one year of final judgment. Appellant waited nearly 17 months to file his motion. Further, he offers no credible reason as to why he delayed, particularly in light of the fact that the new information he learned stemmed from public records, *Page 9 
including tax documents.[2] To the extent he argues that his attorney is at fault, he did not raise this argument in his motion to vacate, most likely because he was still represented by the same attorney of whom he now complains. The trial court did not abuse its discretion by denying appellant's motion to vacate under Civ.R. 60(B)(1) or (3)[3]
for not being filed with one year of judgment.
 {¶ 13} To the extent appellant argues that his motion to vacate should have been granted under Civ.R. 60(B)(5), "any other reason justifying relief from judgment," we find that the trial court did not abuse its discretion in denying the motion.[4]
 {¶ 14} Under the first prong of the GTE test, appellant must demonstrate that, if granted relief, he has a meritorious claim to present. Appellant claims that there is a discrepancy over which legal description is the proper one to be considered by the court in resolving this matter, and the court erred in granting summary judgment to Blank and Davidson. We find this argument to be without merit.
 {¶ 15} The court, in granting Davidson's motion for default judgment, found that the dimensions of the Property were 60 feet by 170 feet, as recorded with the *Page 10 
Cuyahoga County Recorder's Office. In so finding, the court ordered the plat map to be changed and corrected to reflect these dimensions. Appellant's motion to vacate offers nothing beyond appellant's own assertions that the deed is incorrect, and the sale of the back 30 feet never took place. Nothing on his tax bill suggests the truth of his assertions. Although appellant argues that the only reason the court granted summary judgment was because the motions were unopposed, he offers no legal basis for that belief.
 {¶ 16} Appellant has not shown that his claims against Blank for breach of contract, fraudulent misrepresentation, and negligent misrepresentation have any merit. To the contrary, Blank attached a copy of the deed she received from the previous owners who sold the Property to her, which is identical to the deed she signed to transfer the Property to appellant, and which matches the Property's legal description throughout nine property transfers found by the court in the title records. Appellant has not presented evidence, even if believed, that suggests Blank fraudulently or negligently misrepresented the dimensions of the Property at the time she entered into a purchase agreement with appellant.
 {¶ 17} Likewise, appellant has not shown that his claims against Davidson for quiet title and trespass/encroachment have merit. Since the court held that the dimensions of the Property were 60 feet by 170 feet when it granted default judgment in favor of Davidson, appellant cannot succeed on his claims of quiet title and trespass/encroachment. While we acknowledge that he does not need to *Page 11 
demonstrate that he can succeed in his claim when he files a motion to vacate, appellant must offer some evidence to the trial court that would allow it to see that he has a viable claim. He has not done this. Davidson is the rightful owner of the disputed 30 feet; therefore, appellant has failed to satisfy the first prong of the GTE test.
 {¶ 18} As to the second prong of the GTE test, appellant argues that his attorney's conduct constitutes inexcusable neglect, which requires the court to grant his motion to vacate under Civ.R. 60(B)(5). Appellant relies on several cases in which Ohio courts have affirmed the trial court's decision granting relief from judgment under Civ.R. 60(B)(5) on these grounds. See, Whitt v. Bennett (1992), 82 Ohio App.3d 792,613 N.E.2d 667; Stickler v. Ed Breuer Co., et al. (Feb. 24, 2000), Cuyahoga App. Nos. 75176, 75192, and 75206; Rowe v. Metropolitan Property andCas. Ins. Co. (Apr. 29, 1999), Cuyahoga App. No. 73857; Hewitt v. Hewitt(Nov. 5, 1998), Cuyahoga App. Nos. 71098 and 73448.
 {¶ 19} We do not contest appellant's version of the facts as they relate to his attorney's conduct; however, we note it was that attorney who filed the motion to vacate on grounds other than his own poor representation. It seems disingenuous for us to reverse based on the trial court's abuse of discretion when appellant raises a different argument here than the one he raised in his motion to vacate. The court, in denying the motion to vacate, found that appellant failed to satisfy one, two, or all three of the GTE prongs, although none was premised on counsel's incompetency. *Page 12 
Appellant wants us to find that the court abused its discretion by not finding that his attorney's conduct constituted "inexcusable neglect" after the ruling on the motion to vacate. We cannot do that. We find that appellant has not satisfied the second prong of the GTE test.
 {¶ 20} Finally, as to the third prong, appellant argues that his motion to vacate was filed within a reasonable time. He argues that, because of his attorney's inexcusable neglect, sixteen-and-a-half months was a reasonable time in which to file a Civ.R. 60(B) motion. We do not agree. Appellant did not offer a reasonable excuse at the time he filed his motion to vacate as to why he waited over 16 months. The trial court did not abuse its discretion in denying his motion because it was not timely filed, if in fact this was its reason for doing so, when no reasonable excuse was given.
 {¶ 21} Appellant failed to satisfy any of the three prongs of theGTE test. We do not find that the court abused its discretion by denying appellant's motion to vacate. Appellant's first assignment of error is overruled, and we affirm the trial court's decision.
 Claims Against Chicago Title {¶ 22} "II. The trial court erred in denying Plaintiff-Appellant's motion to vacate the trial court's previous judgment dated July 14, 2005, which closed the trial court case because `all claims against all defendants raised in Plaintiff's complaint have *Page 13 
been resolved' when Plaintiff alleged a declaratory judgment action in his complaint, which was still pending before the trial court on July 14, 2007.
 {¶ 23} "III. The trial court erred in denying Plaintiff-Appellant's motion to vacate the trial court's previous judgment granting Defendant-Appellee Chicago Title Insurance Company's motion for summary judgment as unopposed because Plaintiff's former counsel's failure to respond was excusable neglect under Ohio R. Civ. P. 60(B)(1)."
 {¶ 24} In his second and third assignments of error, appellant argues that the court erred by denying his motion to vacate because his declaratory action against Chicago Title was still pending as of the court's July 14, 2005 judgment entry, and the court erred by denying his motion to vacate summary judgment in favor of Chicago Title under Civ.R. 60(B)(1) due to his attorney's excusable neglect. Because these arguments are both related to the court's action with respect to appellant's claims against Chicago Title, we will address them together.
 {¶ 25} Appellant argues that the trial court's failure to rule specifically on his declaratory action against Chicago Title implies that cause of action was still pending when the trial court entered judgment closing the entire case on July 14, 2005. He maintains that the judgment should be vacated insofar as the declaratory action is still alive. This argument has no merit.
 {¶ 26} When the trial court granted summary judgment in favor of Chicago Title, it is presumed to have done so on the basis of the law and facts before it, not *Page 14 
solely on the fact that appellant failed to oppose the motion. See,Maust v. Palmer (1994), 94 Ohio App.3d 764, 641 N.E.2d 818. Chicago Title presented the court with authenticated documents showing ownership of the disputed parcels of land, including a warranty deed for the Property: a deed in which James Elliot, the owner in 1948, conveyed the disputed land to adjacent land owners, Harold and Dorcas Anderson; a title abstract showing the chain of title for the Property; and a tax document from the Cuyahoga County Auditor's Office showing the Property's dimensions as 60 feet by 170 feet.
 {¶ 27} No genuine issue of material fact was open to dispute as to the proper metes and bounds of the Property. In addition, nothing in appellant's motion to vacate demonstrates otherwise. Appellant first argues that he never received a copy of Chicago Title's motion for summary judgment. He does not, however, argue that he did not receive the court's ruling granting summary judgment to Chicago Title on May 18, 2005. Why he waited over 16 months after the court's final judgment entry, well beyond the one-year requirement under Civ.R. 60(B), to file a motion to vacate is unclear. Even if he filed his motion to vacate under Civ.R. 60(B)(5), the "catch-all" provision, it is not clear that the court abused its discretion in finding that over 16 months was an unreasonable amount of time in which to file.
 {¶ 28} Furthermore, appellant does not satisfy the first prong of theGTE test, which requires that the movant show he has a meritorious claim to present if relief is granted. Again, appellant offers nothing more than his own word that his version of *Page 15 
the facts are correct. When the court reviewed Chicago Title's motion for summary judgment and the supporting documents, it necessarily found that Chicago Title's facts merited summary judgment, especially in light of its earlier ruling in favor of Davidson on her motion for default judgment. The trial court essentially "declared" the boundaries of the Property by granting Chicago Title's motion for summary judgment. In addition, the court granted Davidson's motion for default judgment, which included a declaratory judgment regarding the Property's legal boundaries.
 {¶ 29} Appellant's declaratory action was not ignored by the court. We do not find that the court abused its discretion when it denied appellant's motion to vacate its judgment entry of July 14, 2005 or Chicago Title's motion for summary judgment granted May 18, 2005, and appellant's second assignment of error is overruled.
 {¶ 30} Appellant raises his third assignment of error under Civ.R. 60(B)(1), that his attorney's conduct constituted excusable neglect. He argues that his former attorney was not served with Chicago Title's motion for summary judgment; therefore, his failure to respond was excusable. He also suggests that by filing a motion to vacate, his attorney was attempting to remedy his mistake.
 {¶ 31} We do not find appellant's arguments convincing for two reasons. Under Civ.R. 60(B)(1), appellant had one year from July 14, 2005 in which to file his motion to vacate. GTE, supra. Instead he waited over 16 months. We do not find that the court abused its discretion in denying appellant's motion to vacate after this *Page 16 
significant delay. Furthermore, a motion to vacate cannot be used as a replacement for following proper procedure under Civ.R. 56.
 {¶ 32} The court in Pittsburgh Press Co. v. Cabinetpak Kitchens ofColumbus, Inc. (1984), 16 Ohio App.3d 167, 475 N.E.2d 133, stated: "If we were to hold that a party who neglects to respond to a motion for summary judgment is entitled to relief when he files a Civ.R. 60(B) motion, supported by affidavits which should have been filed in opposition to the motion for summary judgment, we would be disemboweling the whole summary judgment procedure. No party would be required to file counter-affidavits under Civ.R. 56 if he could later obtain relief under Civ.R. 60(B) from his omission. Indeed, were a party interested in delaying the final outcome of a case, he would invariably resort to such a tactic." Id. at 168.
 {¶ 33} Appellant was still represented by his former counsel during the pendency of the underlying action; after all, Mr. Major filed the motion to vacate. As we stated above, appellant never suggests that his attorney did not receive the court's decision to grant summary judgment in favor of Chicago Title. Whatever reason he had for waiting over 16 months to file a motion to vacate does not lead us to conclude that the court abused its discretion in denying the motion on those grounds. Appellant's third assignment of error is overruled, and we affirm the trial court's decision to deny appellant's motion to vacate. *Page 17 
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
CHRISTINE T. MCMONAGLE, J., AND MARY J. BOYLE, J., CONCUR
[1] Appellant filed a First Amended Complaint without requesting leave to do so; therefore the First Amended Complaint was stricken by the court.
[2] Appellant claims he personally was able to get the public records he sought, but his attorney was not able to get the same documents despite "reasonable diligence."
[3] Appellee Blank suggests appellant's claim falls under Civ.R. 60(B)(2), as "newly discovered evidence." Even so, his motion fails for not being timely filed.
[4] On appeal, appellant argues that his attorney's incompetence is the "other reason justifying relief from judgment"; he did not raise this argument in his motion to vacate, and we cannot address it here. *Page 1