JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Frederick D. Harris, pro se, appeals the decision of the Cuyahoga County Court of Common Pleas that denied Harris's motion for relief from judgment. Finding no merit to this appeal, we affirm.
 {¶ 2} On May 9, 2006, Harris filed a complaint alleging that his kitchen countertop/sink exhibited cracking and crazing as a result of the negligent manufacture of the countertop/sink by defendant-appellee Formica Corporation ("Formica") and/or the negligent installation thereof by defendant-appellee Solid Surfaces Plus.[1] In response to written discovery, Harris stated that the cracking and crazing appeared around 2000-2001.
 {¶ 3} On September 20, 2006, Formica moved for summary judgment, arguing that Harris's claim was barred by the applicable statute of limitations. Harris did not file a response. On November 27, 2006, the trial court granted Formica's motion for summary judgment, stating that Harris's claim was barred by the statute of limitations, citing R.C.2305.10. Harris did not appeal.
 {¶ 4} On January 29, 2007, Harris filed a Civ.R. 60(B)(5) motion for relief from judgment, asking the court to vacate its grant of summary judgment, arguing that a genuine issue of material fact existed. The court denied said motion on February 20, 2007, and this appeal followed. *Page 4 
 {¶ 5} First, Formica argues that this appeal should be dismissed because Harris failed to file a timely appeal pursuant to App.R. 4(A) after the trial court granted summary judgment against him. Formica argues that Harris's motion for relief from judgment was a substitute for a timely appeal. We disagree.
 {¶ 6} The trial court's grant of summary judgment in favor of Formica was not a final appealable order pursuant to Civ.R. 54(B) because claims remained pending against Solid Surfaces Plus, another party to the case, and the journal entry did not include the language "no just cause for delay." Accordingly, Harris could not file an appeal until a final judgment was entered.
 {¶ 7} In this case, Harris appeals the trial court's denial of his motion for relief from judgment. This appeal was timely taken from the date of the final judgment entry in this case.
 {¶ 8} A motion for relief from judgment under Ohio Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20,520 N.E.2d 564. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 Ohio B. 481, 450 N.E.2d 1140. In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief *Page 5 
is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Elec, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113. Failure to prove any of the three is fatal to his motion. In this case, Harris alleged that the interest of justice required the court to vacate its grant of summary judgment pursuant to Civ.R. 60(B)(5). That subsection "is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 5 Ohio B. 120, 448 N.E.2d 1365, paragraph one of the syllabus; and Priddy v. Ferguson, Union App. No. 14-99-38, 1999-Ohio-957, at 5. "The grounds for invoking Civ.R. 60(B)(5) should be substantial." Id., paragraph two of the syllabus. The basis for relief must arise from circumstances chargeable to the court or otherwise beyond the control of the moving party. Such a basis does not include an error or omission created by the failure of a party to produce evidence when that party has the duty and the opportunity to do so. Templin v.Grange Mut. Cas. Co. (Apr. 8, 1991), Montgomery App. No. 12261.
 {¶ 9} Harris's motion for relief from judgment argued that the two-year statute of limitations did not apply because the countertop was a fixture and not removable personal property. Harris also argued that the latent defect did not manifest itself into real damage or injury until 2004, so his complaint was not barred by the statute *Page 6 
of limitations. Finally, Harris argued that summary judgment should not have been granted as there were still genuine issues of material fact.
 {¶ 10} We find that Harris attempted to employ Civ.R. 60(B) to get a second chance to oppose summary judgment, which he failed to do originally. Such a tactic is not a proper request for relief under Civ.R. 60(B). Yoder v. Edwin Shaw Dev. Found. (Apr. 17, 1996), Summit App. No. CA 17417. To reward Harris for his failure to adequately oppose summary judgment in a timely manner would undermine the purposes of both Civ.R. 56 and 60(B). Id.; see, also, Pittsburgh Press Co. v. CabinetpakKitchens of Columbus, Inc. (1984), 16 Ohio App.3d 167, 168,475 N.E.2d 133. Therefore, the trial court did not abuse its discretion when it denied Harris's Civ.R. 60(B)(5) motion for relief from judgment.
 {¶ 11} We further recognize that the trial court properly found Harris's complaint was barred by the statute of limitations. SeeHarris v. Formica Corp., Cuyahoga App. No. 89780, 2008-Ohio____.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR.
[1] In a separate appeal, Cuyahoga App. No. 89780, 2008-Ohio___, Harris appealed the grant of summary judgment in favor of Solid Surfaces Plus. *Page 1