Town & Country Drive-In Shopping Centers, Inc., et al., Appellees, v. Abraham et al., Appellees; Kitty's Showbar, Inc., Appellant.

(No 75AP-266—Decided December 9, 1975.)

*Messrs. Lane, Alton & Horst,* for appellees Ohio Bell Telephone Co. and G. G. K. & M. Co.

*Messrs. Abraham, Purkey & Baesman,* for appellant Kitty's Showbar, Inc.

Holmes, J. This is an appeal of a judgment of the Court of Common Pleas of Franklin County denying the motion of the third-party plaintiff, the appellant herein, to vacate a prior judgment of the Court of Common Pleas, such motion being based on Civ. R. 60(B)(5) with the allegations being that the third-party plaintiff, Kitty's Showbar, Inc., owned by Charles Abraham, had been deprived of its right of appeal because no notice of a decision or judgment of the Court of Common Pleas had been given until the time of appeal had expired.

The limited but pertinent facts upon which this appeal rests are that the parties herein, after much preliminary pleading and hearings on various procedural matters, finally came to trial, such being conducted over a period of some fourteen days. At the conclusion of the trial, on De-

cember 6, 1974, the court directed a verdict for the third-party defendants G. G. K. & M. Co. and Ohio Bell Telephone Company, appellees herein. At such time, the trial court reserved its determination upon an additional question presented by the third-party defendants' motion whether to allow the third-party defendants to amend their answer to assert the defense of the applicable statute of limitations.

Subsequently, the third-party defendants, on December 11, 1974, submitted a judgment entry to the third-party plaintiff's counsel for approval for purposes of filing in this matter, but the attorney representing Mr. Abraham and Kitty's Showbar, Inc., refused to approve such entry and filed an objection to the filing of any judgment entry until all motions had been decided by the trial court.

The trial court did, on January 30, 1975, file its decision on the motion as made by the third-party defendants at trial, such decision sustaining the defendants' motion for leave to amend their answer to include the defense of the statute of limitations. The court reiterated in such decision that it had sustained in open court the motion for a directed verdict based upon R. C. 4399.03 which states: "[T]he unlawful sale or gift of intoxicating liquors shall forfeit all rights of the lessee or tenant under any lease or contract of rent upon premises where such unlawful sale or gift took place."

On the same day, January 30, 1975, the trial court entered its judgment entry in accord with the court's decision filed simultaneously with such entry. Subsequently, the third-party plaintiff moved the trial court to vacate the prior judgment, based upon Civil Rule 60(B). This motion, as stated was based in the main upon the claim that neither the third-party plaintiff, nor the third-party plaintiff's counsel had received any notice that the court had rendered its decision, or any notice of the filing of the judgment entry.

The trial court, in its decision denying the motion to vacate judgment, stated that the court had, in accordance with Rule 39 of the Court of Common Pleas of Franklin County, prepared the entry of judgment and had caused

the same to be filed with the clerk of such court, and that copies of the entry were mailed to counsel for the respective parties. It is from this decision and the entry thereon, overruling the motion for relief from judgment, that the appellant appeals, setting forth the following two assignments of error:

1. "The trial court abused its discretion and thereby erred in denying appellant's motion to vacate judgment under Ohio Civil Rules of Procedure Rule 60(B)(5) when such motion was based on failure of notice of judgment entry to appellant until after appeal time had expired."

2. "The trial court abused its discretion and erred in denying appellant's motion to vacate judgment under Ohio Civil Rules of Procedure Rule 60(B)(5) in that denying said motion violates appellant's constitutional right to due process of law under the Fourteenth Amendment of the Constitution of the United States by denying appellant's right to appeal when appellant did not receive notice of judgment entry until after appeal time had expired."

We must overrule both assignments of error herein. As to assignment of error number one, the record herein shows that the trial court directed a verdict for third-party defendants G. G. K. & M. Co. and Ohio Bell Telephone Company and that such was exercised in open court. It can reasonably be assumed that appellant was aware of such action on the part of the trial court. Certainly, it cannot reasonably be denied that upon the basic merits of the matter the trial court then, pursuant to Civ. R. 58, announced its decision to the parties.

Civ. R. 58 provides that "* * * upon a decision announced, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it. * * * A judgment is effective only when filed with the clerk for journalization. * * *"

In accord with Civ. R. 58 the Common Pleas Court of Franklin County has enacted local Rule 39, which provides as follows:

"If counsel are unable to agree upon the entry, it shall be submitted to the trial judge, who will direct what entry shall be made.

"If counsel fail to present an entry within twenty days after the order, decree or judgment is rendered, the trial judge may cause the proper entry to be prepared and filed without submission or notice to counsel or take such other action as may be appropriate under the circumstances."

There is no specific requirement, either under the Ohio Rules of Civil Procedure or under the local rules of the Franklin County Court of Common Pleas, to give counsel any notice of the filing of the judgment entry. As a matter of fact, the local rule speaks to the contrary, stating that the trial judge may cause the proper entry to be prepared and filed without submission or notice to counsel.

Arguendo, even if the local rules in question or the Ohio Rules of Civil Procedure were to require such notice, the record herein shows that the trial court has specifically stated in its decision denying the motion to vacate that after the judgment entry was prepared and filed with the clerk of the court, copies of the entry had been mailed to counsel for the respective parties. We find in the record an affidavit from counsel for Ohio Bell Telephone Company that such entry had in fact been received by his office although, contrarily, there are affidavits filed by and on behalf of the third-party appellant that neither appellant nor its counsel had received copies of the judgment entry.

The rule which is controlling, and underlying the whole question at issue herein, is App. R. 4(A), which reads as follows:

"Appeals in civil cases. In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from. A notice of appeal filed before entry of such judgment or order shall be treated as filed after such entry and on the day thereof. * * *

"The running of the time for filing a notice of appeal is suspended as to all parties by a timely motion filed in the trial court by any party pursuant to the Civil Rules hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of the last of any of the following orders made upon a timely motion under such rules

granting or denying a motion (1) for judgment under Rule 50(B); (2) for a new trial under Rule 59. A judgment or order is entered within the meaning of this subdivision when it is filed with the clerk of the trial court for journalization.''

Pursuant to App. R. 4(A), the only action which will suspend the running of the time for filing a notice of appeal is a timely filing of a motion under Civ. R. 50(B) for a judgment notwithstanding the verdict, or a motion for a new trial under Civ. R. 59.

The appellant herein filed its motion for relief from judgment, pursuant to Civ. R. 60(B), which in pertinent part reads as follows:

''On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
* * *

''A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.''

It has been set forth in many texts, as well as case law related to Civ. R. 60(B), that such rule cannot be used to circumvent or extend the time requirements by virtue of vacating a judgment and reinstating it in order to start the time for filing such notice of appeal to run anew. As stated in 7 Moore, Federal Practice, Section 60.29:

''It, therefore, follows that a motion for relief on one or more of the 6 grounds stated in 60(b) for relief from a final judgment does not affect the finality of the judgment; and hence does not toll the time for appeal from the final judgment.

Additionally, in Moore, *supra* at Section 60.30 we find:

''While in appropriate situations we believe that, within the time allowed for appeal, a district court may grant relief from judicial error under Rule 60(b), the Rule cannot be used as a substitute for appeal. And an appeal from an order denying relief under 60(b) does not bring up for review the judgment from which relief is sought.

''Unlike a motion for new trial under Rule 59(a) or to alter or amend a judgment under Rule 59(e),

and other related motions, a motion for relief under Rule 60(b) does not effect the finality of a judgment and hence does not toll the time for appeal from the final judgment. Correlatively, an appeal from the final judgment does not enlarge the time within which to move for relief under 60 (b)."

We believe that such textual statement in fact sets forth the acceptable application of Civ. R. 60(B). Such rule basically is for the purpose of vacating voidable judgments and those judgments which have inherent defects, and the filing of a motion under such rule may not serve the purpose of allowing additional time for the filing of an otherwise barred notice of appeal, nor extend time within which an appellant could have filed one of the tolling motions as referred to in App. R. 4(A).

As to the filing of a motion for new trial, Civ. R. 59(B) provides a specific limitation as follows: "A motion for new trial shall be served not later than fourteen days after the entry of the judgment." Civ. R. 6(B) provides that the trial court "may not extend the time for taking any action under Rule 50(B), Rule 59(B), Rule 59(D) and Rule 60(B), except to the extent and under the conditions stated in them." Therefore, Civ. R. 6(B) absolutely prohibits the trial court from extending the time within which to file a motion for a new trial under Civ. R. 59(B), and due to the fact that in the instant case the 14 days for filing such motion for a new trial had expired by February 14, 1975, the trial court, pursuant to the rule, was prohibited from considering or entertaining a motion for a new trial.

We again refer to App. R. 4(A), which requires that the notice of appeal shall be filed with the clerk of the trial court within 30 days of the date of the entry of the judgment or order appealed from, the only exceptions to the 30 days being the timely filing of a motion for a new trial or a motion for a judgment notwithstanding the verdict. The appellant here may not avoid the jurisdictional time limitation by attempting to vacate the journalized judgment entry of the trial court dated January 30, 1975, for the filing of a motion under Civ. R. 60(B). Such motion was for the pur-

pose of being granted the right either to file a notice of appeal or a motion for a new trial. The trial court is without jurisdiction to grant any such extension for the purposes stated by the appellant. The appellant's assignment of error number one is therefore dismissed.

As to assignment of error number two, claiming that the denial of the appellant's motion for relief from judgment violates its constitutional right of due process of law under the Fourteenth Amendment of the Constitution of the United States, we merely need state that all of the Ohio Rules of Civil Procedure, as well as the Ohio Rules of Appellate Procedure, have been promulgated and lawfully enacted in the state of Ohio pursuant to Section 5(B), Article IV of the Ohio Constitution, and the aspects of due process in their application have been considered.

Further, in reviewing the record and the procedures followed by the trial court herein, including informing the appellant of the trail court's decision as well as providing notice of the judgment, we hold that the trial court has followed a pattern of providing the parties with notice, and has in all respects provided all parties the necessary due process of law. In the total review of the procedures herein, we find that the trial court has followed the pertinent law, and has exercised its discretion fairly, and that there is to be found within such record no showing of an improper application of the law or an abuse of discretion as claimed by this appellant. Therefore, we must dismiss the second assignment of error.

Based upon all the foregoing, the judgment of the Common Pleas Court of Franklin County is hereby affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and WHITESIDE, J., concur.