MAY ET AL., APPELLANTS, *v.* LEIDLI
ET AL.; ZOTOS INTERNATIONAL, INC.,
APPELLEE.

(No. 1243 — Decided March 21, 1986.)

*Douglas R. Fouts,* for appellants.
*Jeffrey M. Embleton,* for appellee.

COOK, J. On October 26, 1984, appellants, Josephine and Donald May, filed a civil complaint against John Leidli, a.k.a. John Anthony, d.b.a. John Anthony for Hair, and "THE MANUFACTURER OF A PERMANENT WAVE SOLUTION" alleging Mrs. May was injured on October 29, 1982 when she received a permanent wave at the John Anthony for Hair salon. Appellants alleged negligence, breach of implied and express warranties, and strict liability in tort; they also propounded interrogatories to John Leidli requesting the name and address of the manufacturer of the permanent wave solution. On February 5, 1985, appellants filed an amended complaint naming appellee, Zotos International, Inc. (manufacturer of the permanent wave solution), and Marie Evans (an employee of John Leidli), as additional defendants.

On March 26, 1985, appellee filed a motion to dismiss based upon R.C. 2305.10, the two-year statute of limitations for personal injury. On April 19, 1985, the court granted appellee's motion to dismiss. Appellants filed motions for reconsideration and for relief from judgment which were overruled on May 16, 1985.

Appellants appealed the judgment of the trial court of April 19, 1985 dismissing appellee as a party and the judgment of May 16, 1985 denying their motions for reconsideration and for relief from judgment, and have filed the following assignment of error:

"The trial court erred in granting defendant Zotos' motion to dismiss and overruling appellants' motions for reconsideration and relief from judgment."

The assigned error is well-taken as to appellants' motion to dismiss but without merit as to appellants' motions for reconsideration and relief from judgment.

Appellants contend the trial court erred in granting appellee's motion to dismiss because the record shows that it had an out-of-state address and was therefore an out-of-state corporation subject to R.C. 2305.15, the savings clause, which tolls the statute of limitations as to a cause of action against a person out of state.

R.C. 2305.10, in pertinent part, states:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose. * * *"

However, R.C. 2305.15, in pertinent part, provided:

"When a cause of action accrues against a person, if he is out of state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, does not begin to

run until he comes into the state or while he is so absconded or concealed. * * *''

If a defendant is not amenable to personal service within the state of Ohio, he is presumed to be "out of state" within the meaning of R.C. 2305.15. *Seeley* v. *Expert, Inc.* (1971), 26 Ohio St. 2d 61, 65-66, 55 O.O 2d 120, 122-123, 269 N.E. 2d 121, 125-126. Thus, a corporation that is neither physically present in Ohio nor has a statutory agent in Ohio does not receive the protection of the two-year limitations period for personal injury set forth in R.C. 2305.10.

In *Durham* v. *Anka Research Limited* (1978), 60 Ohio App. 2d 239, 14 O.O. 3d 222, 396 N.E. 2d 799, the court, in paragraphs two and three of the syllabus, held:

"2. Under R.C. 2305.15, the statute of limitations is tolled as against a foreign corporation by its absence from the state, despite its amenability to long-arm service under Civ. R. 4.3.

"3. A motion to dismiss a complaint under Civ. R. 12(B)(6) based upon the bar of the statute of limitations is erroneously granted where the bar is not conclusively demonstrated on the face of the complaint."

In *Durham,* the court found that the record before it was sufficient to infer that the defendant was a foreign corporation nonamenable to personal service in Ohio. Said inference arose from the New York address of the defendant as set forth in the complaint and from the certified mail return receipt showing the corporation had been served at its New York office.

In the instant cause, appellee filed motions to dismiss and for judgment on the pleadings on the ground the two-year statute of limitations for such personal injury action had run. The

motion was not supported by any affidavit disclosing an Ohio statutory agent and was directed solely to the amended complaint which named appellee as a party. The amended complaint listed appellee's address as "Darien, Connecticut 06820." A signed certified mail return receipt from appellee was stapled to the summons in the file.

We conclude that the record before this court is sufficient to infer that appellee was a foreign corporation nonamenable to personal service in Ohio. Therefore, pursuant to R.C. 2305.15, the statute of limitations was tolled as to appellee in the instant cause. The trial court erred in holding the contrary and dismissing appellee.

As to appellants' motion for reconsideration and their motion for relief from judgment, their assigned error is without merit. Their motion to reconsider the court's dismissal was a motion to reconsider a final judgment and therefore a nullity. *Pitts* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 378, 21 O.O. 3d 238, 423 N.E. 2d 1105. Appellants' motion for relief from judgment is not well-taken since they could and have appealed the court's judgment and a motion for relief from judgment cannot be used as a substitute for an appeal. *Town & Country Drive-In Shopping Centers, Inc.* v. *Abraham* (1975), 46 Ohio App. 2d 262, 75 O.O 2d 416, 348 N.E. 2d 741.

The judgment of April 19, 1985 is reversed and the cause is remanded for further proceedings. The judgment of May 16, 1985, overruling the motions for reconsideration and for relief from judgment, is affirmed.

DAHLING, P.J., and FORD, J., concur.