DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Rosemarie Azar ("Azar"), appeals from the decision of the Summit County Court of Common Pleas denying her Civ.R. 60(B) motion for relief from judgment following the trial court's granting of summary judgment in favor of Appellee, Ohio Edison Co. ("Ohio Edison"). We affirm.
On January 26, 1996, Azar filed a complaint against Ohio Edison and two supervisors employed by Ohio Edison. After subsequently amending her complaint, it included one count of age discrimination and one count of retaliatory discharge. On July 25, 1997, Ohio Edison and the two named supervisors moved for summary judgment. On August 12, 1997, Azar voluntarily dismissed both supervisors pursuant to Civ.R. 41(A)(1). On May 28, 1998, the trial court granted summary judgment in favor of Ohio Edison. Azar timely appealed to this Court on June 25, 1998.
On January 20, 1999, this Court dismissed Azar's appeal holding that the summary judgment order from which Azar appealed was not a final, appealable order. Specifically, this Court found that the order was not final because Azar had dismissed less than the entire action by means of a Civ.R. 41(A)(1)(a) notice of dismissal without prejudice, and the trial court's order contained no Civ.R. 54(B) language.
On February 11, 1999, Azar filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1), (4), and (5). While this motion was pending, the Ohio Supreme Court decided Denham v. New Carlisle (1999),86 Ohio St.3d 594. In Denham the Supreme Court determined that a Civ.R. 41(A) voluntary dismissal was effectual for a plaintiff to dismiss all the remaining defendants in their action after a partial grant of summary judgment. Id. at 597. Thus, the Denham decision constructively overruled this Court's interpretation of Civ.R. 41(A) applied in Azar's first appeal.
On February 23, 2000, the trial court denied Azar's motion for relief from judgment. Azar timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court below erred in granting summary judgment, thereby dismissing all of plaintiff's claims for relief for age discrimination in employment and wrongful forced early retirement or constructive discharge, violative of the anti-discrimination proscriptions of the Ohio Civil Rights Act [R.C. 4112] * * * and in contravention of the retaliation prohibitions of R.C. 4112.02(I) of the OCRA * * *, as well as by failing to even rule upon Plaintiff's claims of age-based disparate disciplinary treatment by harassment and subjection to a hostile work environment, in violation of the OCRA * * *.
In her sole assignment of error, Azar argues that the trial court erred in granting Ohio Edison's motion for summary judgment. Azar seems to be mistaken as to what issue is before this Court. The only issue properly before this Court is the trial court's denial of Azar's Civ.R. 60(B) motion. See Town Country Drive-In Shopping Centers Inc. v. Abraham
(1975), 46 Ohio App.2d 262, 266.
Civ.R. 60(B) cannot be utilized as a substitute for appeal from a judgment to correct errors in the rendition of the judgment. In Doe v.Trumbull Cty. Children Services Bd. (1986), 28 Ohio St.3d 128, the Ohio Supreme Court held that a party may not utilize a motion filed under Civ.R. 60(B) as a substitute for a timely perfected appeal. Id. at paragraph two of the syllabus. Essentially that is what Azar sought by her Civ.R. 60(B) motion.
Azar previously attempted to appeal the trial court's granting of the summary judgment motion. She also had the opportunity to appeal this Court's subsequent dismissal of her appeal, but failed to do so. Consequently, she cannot now directly appeal the trial court's final order granting summary judgment. Accordingly, Azar's attempt to use Civ.R. 60(B) in lieu of, or in addition to, an appeal, was inappropriate.
Additionally, we note that although Azar is appealing from the trial court's denial of her Civ.R. 60(B) motion for relief from judgment, she fails to discuss or even reference any ground for relief pursuant to Civ.R. 60(B) in her appellate brief. The Supreme Court of Ohio has observed that "[e]rrors not treated in the brief will be regarded as having been abandoned by the party who gave them birth." Uncapher v.Baltimore Ohio Rd. Co. (1933), 127 Ohio St. 351, 356; App.R. 12(A)(2); App.R. 16(A).
In sum, it is apparent from Azar's assignment of error and from the basis of her Civ.R. 60(B) motion that Azar is attempting another appeal of the trial court's granting of Ohio Edison's summary judgment motion by the improper means of appealing the trial court's denial of Azar's Civ.R. 60(B) motion. Since Civ.R. 60(B) is not a proper substitute for an appeal and because Azar did not provide this Court with any explanation as to why the trial court's denial of her motion was improper, we find the trial court properly denied Azar's Civ.R. 60(B) motion. Accordingly, Azar's assignment of error is not well-taken.
Azar's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P. J., BAIRD, J., CONCUR.