DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on accelerated appeal from the judgment of the Lucas County Court of Common Pleas which granted default judgment against appellants, Troy Wyckoff and Donald Stuller, in favor of appellees, James and Michelle Arbogast, and awarded judgment in the amount of $287,332.71, plus interest and costs. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} Appellees filed a complaint against appellants and Foremost Inspections, Inc. ("Foremost"), on May 9, 2006, alleging damages as a result of a house inspection.[1] Service of the complaint on appellants was attempted by certified mail on May 1, 2006. Appellees obtained service against Foremost, but the mail for appellants was returned unclaimed on May 30, 2006. Appellees attempted to serve appellants via ordinary mail on June 27, 2006; however, the mail was returned as refused. Ordinary mail service was attempted again on September 1, 2006, but was also refused. Personal service was attempted on November 20, 2006, at appellants' residence.
 {¶ 3} Appellees moved for default judgment against Foremost and, following an assessment of damages trial, were awarded judgment, on December 14, 2006, in the sum of $287,332.71. This sum represented $95,777.57 in actual damages and the remainder was awarded as treble damages, pursuant to R.C. 1345.02 and 1345.03.
 {¶ 4} Appellees also moved for default judgment against appellants on December 26, 2006. The certificate of service indicates that appellants were sent a copy of the motion for default via ordinary mail, on or about December 20, 2006, to the residential address where personal service was attempted. The trial court granted default judgment against appellants in the amount of $287,332.71, plus interest, on January 4, 2007. Appellants were sent a copy of the default judgment entered against them via certified mail. Service of the certified mail was returned with illegible signatures on January 6, 2007. Appellants failed to appeal the default judgment against them. *Page 3 
 {¶ 5} On May 24, 2007, appellants filed a verified motion for relief from judgment pursuant to Civ.R. 60. In support of their motion, appellants argued that they sent a letter to the court on December 2, 2006, which they believed constituted a responsive pleading to appellees' complaint. Appellants additionally asserted that they were not personally served, and that they have a meritorious defense "which is visible on the face of the complaint and easily ascertainable from the allegation that the defendant, Foremost Inspection, a corporation, was the party in privity with plaintiffs." The trial court denied appellants' motion for relief from judgment.
 {¶ 6} On appeal, appellants raise the following assignments of error:
 {¶ 7} "1. The court erred in assessing damages against defendants Stuller and Wyckoff without notice and a hearing.
 {¶ 8} "2. The court erred in granting a default judgment against defendants Stuller and Wyckoff when they had responded to the complaint of plaintiffs.
 {¶ 9} "3. The court erred in denying defendants Stuller and Wyckoff verified motion for default judgment [sic]."
 {¶ 10} It is well-settled that a party may not use a Civ.R. 60(B) motion as a substitute for appeal. Doe v. Trumbull Cty. Children Servs.Bd. (1986), 28 Ohio St.3d 128, 129. A motion for relief from judgment does not extend the time for appeal and an appeal from an order denying relief under Civ.R. 60(B) does not bring up for review the judgment from which relief is sought. Town Country Drive-In Shopping Ctrs., Inc. v.Abraham (1975), 46 Ohio App.2d 262, 266, citing 7 Moore, Federal Practice, Section *Page 4 
60.30. A Civ.R. 60(B) motion cannot be used to "merely challenge the correctness of the court's decision on the merits," as such matters could have been raised on direct appeal. Blasco v. Mislik (1982),69 Ohio St.2d 684, 686.
 {¶ 11} Appellants' first and second assignments of error concern matters that could have been raised on direct appeal from the trial court's grant of default judgment against appellants. Appellants, however, failed to timely appeal their challenges to the default judgment and are unable to revive such arguments via an appeal from a denial of a Civ.R. 60(B) motion. See Blasco, supra. Appellants' first and second assignments of error are therefore found not well-taken.
 {¶ 12} Appellants argue in their third assignment of error that the trial court erred in denying their verified motion for relief from judgment, filed pursuant to Civ.R. 60(B). Appellants argue that they were merely employees acting within the course and scope of their employment and should not be held liable for their employer's conduct under the doctrine of respondeat superior. Appellants also argue that they did not receive notice of the complaint against them and did not receive notice of the assessment of damages trial.
 {¶ 13} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Elec., Inc. v. ARC Industries,Inc. (1976), *Page 5 47 Ohio St.2d 146, paragraph two of the syllabus. If the moving party fails to meet any of the three prongs, the court should deny the Civ.R. 60(B) motion. Id.
 {¶ 14} The decision whether to grant relief from judgment lies within the discretion of the trial court. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. Civ.R. 60(B) states that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 15} In this case, in deciding appellants' motion, the trial court held that appellants failed to establish that they were entitled to relief under any of the grounds stated in Civ.R. 60(B)(1)-(5). Specifically, the trial court held that the service at appellants' residential address was sufficient, as it was reasonably calculated to reach appellants and afforded them an opportunity to respond, and that appellantsfailed to answer or otherwise respond to appellees' complaint within the time period set forth in *Page 6 
Civ.R. 12(A). The trial court further held that appellants failed to set forth a meritorious defense or claim, and failed to address the timeliness of their Civ.R. 60(B) motion.
 {¶ 16} Upon a review of the record, we find that the trial court did not abuse its discretion in denying appellants' Civ.R. 60(B) motion. We find that the personal service was sufficient notice to appellants of the pending action against them. See Akron-Canton Regional Airport Auth.v. Swinehart (1980), 62 Ohio St.2d 403, 406; and Civ.R. 4.1. Additionally, we agree with the trial court that the alleged letter sent by appellant Stuller to the trial court, which was neither file-stamped nor served on appellees, was not a responsive pleading as it did not respond to appellees' complaint and did not assert any defenses. Appellants simply disregarded or ignored their obligation to timely present their defenses to appellees' claims in the trial court. We therefore agree with the trial court that appellants failed to establish their entitlement to relief from judgment under any of the reasons enumerated in Civ.R. 60(B).
 {¶ 17} With respect to whether appellants have a meritorious defense or claim to present if relief is granted, appellants assert that they were employees acting within the course and scope of their employment with Foremost and should not be held liable for the company's actions. Besides their bald assertion that they were mere employees, appellants offered nothing in support of this alleged defense. Moreover, we note that the company's mailing address was also appellants' residential address. Appellants additionally argue that they were not given notice of an assessment of damages trial on appellees' motion for default judgment. We find, however, that this is not a defense to *Page 7 
the underlying action and was an issue that could have been appealed. We therefore find that the trial court did not abuse its discretion when it determined that appellants failed to establish a meritorious defense.
 {¶ 18} Furthermore, we find that appellants did not address the issue of timeliness of their motion for relief from judgment. No explanation was provided for the four month delay between the time judgment was entered against appellants and when they filed for relief from judgment.
 {¶ 19} Accordingly, we find that appellants failed to meet their burden pursuant to Civ.R. 60(B), and that the trial court was within its discretion to deny appellants' motion. Appellants' third assignment of error is therefore found not well-taken.
 {¶ 20} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 8 
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR.
[1] Appellees also sued the seller of the subject property, Mark C. Werley; however, he is not a party to this appeal. *Page 1