DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, state of Ohio, has filed a motion to stay its appeal and to remand this case to the trial court for a ruling on a Civ. R. 60(B) motion for relief from judgment. Appellee has not filed a response. For the reasons that follow, we deny the motion.
 {¶ 2} This is an appeal from a decision of the Common Pleas Court of Erie County, Ohio which granted the defendant's motion to dismiss the indictment against him based on violation of his right to a speedy trial. After the notice of appeal was filed, the *Page 2 
state filed a motion in the trial court for relief from the judgment dismissing the indictment pursuant to Civ. R. 60(B)[1] .
 {¶ 3} To prevail on a Civ. R. 60(B) motion, a party must show (1) the existence of a meritorious defense; (2) that the movant is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) that the motion is timely brought. GTE Automatic Elect. v. ARCIndus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Civ. R. 60(B) states:
 {¶ 4} "Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.
 {¶ 5} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not *Page 3 
more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 6} "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
 {¶ 7} In its Civ. R. 60(B) motion pending in the trial court, the state argues that "the trial court committed an obvious error by granting defendant's motion to dismiss. This Court's ruling was based on a mistake rising to excusable neglect based on misrepresentations of defendant [that] were not in evidence and not supported by the record." The state further argues in its Civ. R. 60(B) motion in the trial court that the court's ruling was based on excusable neglect and/or inadvertence because the trial court did not consider the holding inState v. Brooks (Mar. 31, 1994), 10th Dist. No. 93SAP091281.
 {¶ 8} We find that the state has misinterpreted Civ. R. 60(B). The mistake, excusable neglect, and inadvertence listed in subsection (1) of the rule refer to the parties' acts, not the court's acts. In other words, if, because of a mistake, excusable neglect or inadvertence of one of the parties, the judgment of the trial court should be vacated, then Civ. R. 60(B) is the avenue available to that party for relief. For example, if a plaintiff is granted a default judgment against a defendant because the defendant failed to file an answer to a complaint, the defendant could ask the trial court to vacate the default judgment because, due to the defendant's mistake, excusable neglect, and/or inadvertence, *Page 4 
he failed to answer the complaint. For an example of the proper use of Civ. R. 60(B) in a criminal case, see State v. Hasenmeier (Mar. 18, 1994), 6th Dist. No. E-93-33, where the defendant filed a motion for "super shock" probation and the state failed to file a memorandum in opposition to the motion. After the motion was granted in the trial court, the state filed a Civ. R. 60(B)(1) motion "alleging surprise and excusable neglect. The state argued that it had been unable to respond to appellant's motion since it never received a copy of the motion. They further argued that the court erred in granting the motion before the time had passed for the state to file a timely response. Included with the motion was a sworn affidavit from the prosecutor stating that she never received a copy of appellant's motion for `super shock.'"
 {¶ 9} In the instant case, the state is alleging in its Civ. R. 60(B) motion that, for various reasons, the trial court erred in granting defendant's motion to dismiss the indictment against him. The Civ. R. 60(B) motion actually argues the merits of the state's appeal not a Civ. R. 60(B) basis for vacating the judgment. "It is well-settled that a party may not use a Civ. R. 60(B) motion as a substitute for appeal.Doe v. Trumbull Cty. Children Servs. Bd. (1986), 28 Ohio St.3d 128,129." Arbogast v. Werley, 6th Dist. No. L-07-1283, 2008-Ohio-1555. Basically, a Civ. R. 60(B) motion cannot be used to raise errors made by the trial court judge. The motion's function is to bring to the trial court's attention some reason that the judgment should be vacated other than the fact that the trial court made a mistake or was wrong in its decision.
 {¶ 10} Accordingly, we deny the motion to remand. *Page 5 
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] The state points out, and this court agrees, that a Civ. R. 60(B) motion can be filed and ruled on in a criminal case. See State v.Hasenmeier (Mar. 18, 1994), 6th Dist. No. E-93-33. *Page 1