OPINION
{¶ 1} Defendant-appellant, Jeffrey L. Mitchell, appeals from the Judgment Entry of the Portage County Court of Common Pleas, Domestic Relations Division, terminating his marriage from plaintiff-appellee, Vanessa A. Mitchell, and limiting the parties' joint tax liability. For the following reasons, we dismiss the appeal. *Page 2 
 {¶ 2} On July 12, 2006, Vanessa filed a complaint for divorce, alleging that the parties were incompatible. After a trial, the trial court entered its Judgment Entry Decree of Divorce on February 23, 2007, granting the divorce on the grounds of incompatibility, awarding spousal support in the amount of $3,500 per month for a period of six years, and dividing all marital assets.
 {¶ 3} Prior to the divorce, Jeffrey received a bonus from his employer of $200,000, which was equally divided per the divorce decree. The parties stipulated to the filing of a joint tax return for 2006; however, this stipulation was not incorporated into the judgment entry of divorce decree.
 {¶ 4} Jeffrey filed a notice of appeal with this court on March 22, 2007, pertaining to the issues of spousal support, attorney fees, marital debt, and division of marital property. We entered judgment on the appeal on March 3, 2008, affirming in part and vacating in part the holding of the trial court. See Mitchell v. Mitchell, 11th Dist. No. 2007-P-0023, 2008-Ohio-833.
 {¶ 5} While the appeal was pending, Jeffrey filed a Motion for Limited Remand on June 6, 2007, which was granted by this court on August 18, 2007, in order for the trial court to address a Civ. R. 60(B) motion Jeffrey filed, requesting that the parties file joint federal and state tax returns for the year 2006.
 {¶ 6} Upon remand, the trial court held a hearing pursuant to Jeffrey's Civ. R. 60(B) motion. Jeffrey argued that Vanessa should be required to file an amended federal and state income tax return for 2006 and pay one-half of the tax liability. In the Judgment Entry dated August 24, 2007, the trial court ordered that the tax liability was limited to the amount of Jeffrey's bonus money, not the total income of the parties for *Page 3 
the year 2006, due to the fact that Jeffrey failed to provide sufficient evidence that he deposited his full income into a joint checking account.
 {¶ 7} On April 1, 2008, Vanessa filed a motion requesting Jeffrey to appear and show cause why he should not be found in contempt for violating the divorce decree regarding the division of all of their pension and retirement benefits. In addition, both parties made a joint oral request to determine tax liabilities and/or rights to refunds that the parties are entitled to share based on the language from the August 24, 2007 order. The court found Jeffrey in contempt for "failure to cooperate in bringing about the division of all of their pension benefits" pursuant to the divorce decree. As for the tax liability, the court noted that neither party had filed a motion addressing this issue and that both parties had waived the seven-day notice rule in having the court address the issue. The court held that it had "clearly stated that `it is only the tax liability caused by the bonus itself and not the total income of the parties for the tax year 2006'" in its August 24, 2007 judgment entry.
 {¶ 8} Jeffrey subsequently filed his notice to appeal on April 28, 2008.
 {¶ 9} He raises the following assignment of error:
 {¶ 10} "[1.] The trial court abused its discretion by failing to equally divide the full payment of the income tax liability between the parties for the 2006 tax year."
 {¶ 11} App. R. 4(A) mandates that "[a] party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." *Page 4 
 {¶ 12} Where an untimely appeal has been filed, an appellate court has no jurisdiction and the appeal must be dismissed. State ex rel. Curranv. Brookes (1943), 142 Ohio St. 107, paragraph seven of the syllabus. The time requirement is jurisdictional in nature and may not be enlarged by an appellate court. State ex rel. Pendell v. Adams Cty. Bd. ofElections (1988), 40 Ohio St.3d 58, 60; App. R. 14(B).
 {¶ 13} "Pursuant to App. R. 4(A), the only action which will suspend the running of the time for filing a notice of appeal is a timely filing of a motion under Civ. R. 50(B) for a judgment notwithstanding the verdict, or a motion for a new trial under Civ. R. 59." Town CountryDrive-In Shopping Centers, Inc. v. Abraham (1975), 46 Ohio App.2d 262,266.
 {¶ 14} The trial court entered judgment on the division of tax liability issue by virtue of its August 24, 2007 judgment entry, which stated "[t]he Court wishes to emphasize that in equalizing the tax liability, it is only the tax liability caused by the bonus itself and not the total income of the parties for the tax year 2006." Instead of filing an appeal, Jeffrey waited until April 1, 2008 then requested that the court review its language from the August 24, 2007 judgment entry. He then appealed from the April 3, 2008 judgment entry, nearly eight months after the issue had been decided on by the court. On April 3, 2008, the trial court noted in its Judgment Entry that "[t]he Court is of the contrary opinion [of Jeffrey's argument] in light of the language of this Court's Order of August 24, 2007."
 {¶ 15} Jeffrey had the opportunity to appeal from the August 24, 2007 Judgment Entry and failed to do so. Accordingly, Jeffrey's notice of appeal was not timely filed *Page 5 
pursuant to App. R. 4(A) and we are without jurisdiction to entertain the merits of this appeal.
 {¶ 16} For the forgoing reasons, this appeal is hereby, sua suponte, dismissed as being untimely. Costs to be taxed against appellant.
 CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., concur. *Page 1