**[Cite as *Farley v. Old Dominion Freight Line, Inc.*, 2022-Ohio-3799.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Farley, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 22AP-132 |
| | | (C.P.C. No. 18CV-0816) |
| Old Dominion Freight Line, Inc. et al., | : | |
| Defendants-Appellees, | : | (ACCELERATED CALENDAR) |
| | : | |
| Michael Farley, | : | |
| Plaintiff-Appellant, | : | |
| | : | |
| v. | : | No. 22AP-140 |
| | : | (C.P.C. No. 18CV-5253) |
| Old Dominion Freight Line, Inc. et al., | | |
| | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on October 25, 2022

**On brief:** *Nager, Romaine & Schneiberg, Co. L.P.A., Jennifer L. Lawther, Corey J. Kuzma,* and *James D. Falvery,* for appellant. **Argued:** *Corey J. Kuzma.*

**On brief:** *Eastman & Smith*, *LTD, Mark A. Shaw,* and *Melissa A. Ebel,* for appellee Old Dominion Freight Line, Inc. **Argued:** *Mark A. Shaw.*

APPEALS from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Michael Farley, appeals from the January 25, 2022 decision and entry denying Farley's motion for relief from judgment pursuant to Civil Rule 60(B). For the reasons that follow, we affirm the judgments of the trial court.

## I. Facts and Procedural History

{¶ 2} These consolidated cases arise out of a workers' compensation claim. Appellant is a former employee of Old Dominion Freight Line, Inc. ("Old Dominion"). (*See* Franklin C.P. No. 18CV-0816 Compl. at ¶ 8.) On June 25, 2003 appellant injured his right foot at work and filed a workers' compensation claim, which was allowed for various right foot and ankle conditions. *See id.* On July 7, 2017, Farley filed a motion for the additional allowance of "bilateral shoulder sprain/strain." *Id.* at ¶ 10. The claim was disallowed for this condition by a district hearing officer and affirmed by a staff hearing officer, and the Industrial Commission refused to hear the appeal. *Id.* at ¶ 13-15. Appellant appealed to the Franklin County Court of Common Pleas pursuant to R.C. 4123.12. (*See* Case No. 18CV-0816.)

{¶ 3} On October 19, 2017, appellant filed a motion for the additional allowances of "bilateral rotator cuff syndrome, bilateral rotator cuff impingement, and bilateral rotator cuff tear." (Franklin C.P. Case No. 18CV-5253 Compl. at ¶ 10.) The claim was disallowed for these conditions by a district hearing officer and affirmed by a staff hearing officer, and the Industrial Commission refused to hear the appeal. *Id.* at ¶ 11-12, 15. Appellant appealed to the Franklin County Court of Common Pleas pursuant to R.C. 4123.12. (*See* Case No. 18CV-5253.)

{¶ 4} The two cases were consolidated on October 2, 2018. On March 25, 2019, Old Dominion filed a motion for summary judgment. On April 10, 2019, appellant filed his brief in opposition in which he discussed the affidavits of two medical experts—Dr. Henry and Dr. Nowinski—and indicated the affidavits were attached as exhibits. (*See* Apr. 10, 2019 Brief in Opp. at 4-6.) The record shows, however, they were not so attached. Instead, the only affidavit attached was that of Dr. Freedman, who opined that the requested conditions were not proximately caused by Farley's 2003 workplace injury and were instead the result of "expected age-related degenerative progression." (*Id.*, Ex. 2, Freedman Aff. at ¶ 6.)

{¶ 5}   On April 17, 2019, Old Dominion filed its reply in support of its motion for summary judgment, asserting appellant had not presented any evidence in support of his claim and therefore there were no genuine issues of material fact left for trial and specifically noting that only the affidavit of Dr. Freedman was attached to appellant's brief in opposition.  (Apr. 17, 2019 Reply in Support at 2.)  It is undisputed that appellant did nothing to rectify the absence of his evidentiary materials at this time.  On June 18, 2019, the trial court granted the motion for summary judgment.[1]  (June 18, 2019 Decision & Entry.)

{¶ 6}   On September 24, 2020, appellant filed his motion for relief from judgment pursuant to Civ.R. 60(B).  In his motion, appellant argued that he was entitled to relief under Civ.R. 60(B)(1) ("mistake, inadvertence, surprise or excusable neglect") because although he had failed to provide evidence to support his claim in his brief in opposition to Old Dominion's motion for summary judgment, he had intended to file the affidavits of both Dr. Henry and Dr. Nowinski to support his position.  Appellant contended that he was not aware of his inadvertent failure to attach the affidavits to his memorandum in opposition until the trial court issued its June 18, 2019 decision and entry granting Old Dominion's motion for summary judgment.  Appellant further contended that although his motion for relief from judgment was filed more than one year after the date of the judgment was entered, it was nonetheless timely because the Supreme Court of Ohio had entered a tolling order on March 27, 2020[2] which extended the deadline for filing any motion for relief from judgment.

{¶ 7}   On January 25, 2022 the trial court issued its decision and entry denying appellant's motion for relief from judgment pursuant to Civ.R. 60(B), finding that appellant had "not presented any compelling evidence that his neglect was excusable." (Jan. 25, 2022 Decision & Entry at 5.)

{¶ 8}   On February 25, 2022, appellant filed this timely appeal.

---

[1] Farley appealed the decision and entry granting the motion for summary judgment on July 18, 2019.  After appellant had been granted 13 briefing extensions, and after Old Dominion filed a motion to dismiss for failure to prosecute and failure to adhere to this court's briefing orders, this court dismissed the appeal on May 11, 2022.  (*See* May 11, 2022 Journal Entry of Dismissal.)

[2] This was the tolling order issued due to the COVID-19 pandemic and attendant court suspensions and shut-downs.

## II. Assignment of Error

{¶ 9} Appellant asserts the following assignment of error for our review:

The trial court erred in denying Appellant Michael Farley's Motion for Relief from Judgement. [sic]

## III.  Law and Analysis

### A.  Standard of Review

{¶ 10} When reviewing a trial court's decision to grant or deny a motion for relief from judgment under Civ.R. 60(B), we apply an abuse of discretion standard. *Wiltz v. Accountancy Bd. of Ohio*, 10th Dist. No. 16AP-169, 2016-Ohio-8345, ¶ 35. An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A trial court's discretion under Civ.R. 60(B) is quite broad." *Haynes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-78, 2005-Ohio-5099, ¶ 7, citing *Pittsburgh Press Co. v. Cabinetpak Kitchens of Columbus, Inc.*, 16 Ohio App.3d 167, 168 (10th Dist.1984). Our role is to determine whether the trial court abused its discretion, not whether we might have reached a different result. *Id.*, citing *Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co.*, 60 Ohio St.3d 120, 122 (1991).

### B.  Discussion

{¶ 11} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), a party must establish each of the following three requirements: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶ 12} Under the second requirement, Civ.R. 60(B) requires a party set forth one of the following reasons to support the request for relief from judgment: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or

other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.  Civ.R. 60(B).  "A movant's failure to identify which subsection of Civ.R. 60(B) he is invoking may alone be fatal to a motion for relief from judgment, as the second prong of the *GTE* test has not been satisfied." *Haynes* at ¶ 11, citing *Mattingly v. Deveaux*, 10th Dist. No. 03AP-793, 2004-Ohio-2506, ¶ 9; *Cent. Ohio Sheet Metal, Inc. v. Walker*, 10th Dist. No. 03AP-951, 2004-Ohio-2816, ¶ 13. " 'Neither a responding party nor a trial court can be expected to divine the specific grounds under which a movant seeks relief.' " *Id.*, quoting *Mattingly* at ¶ 9.

{¶ 13} There is no requirement that a moving party submit evidentiary materials, such as an affidavit, to support his or her motion for relief from judgment. *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 9, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103 (8th Dist.1974).  Nevertheless, "good legal practice dictates that the moving party submit relevant evidence to demonstrate operative facts, as sufficient factual information is necessary to warrant a hearing on the motion." *Id.*, citing *Adomeit* at 104.

{¶ 14} Furthermore, a party who files a Civ.R. 60(B) motion for relief from judgment is not automatically entitled to a hearing on the motion. *Davis v. Davis*, 10th Dist. No. 15AP-1078, 2016-Ohio-7790, ¶ 13, citing *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19 (1996).  " 'If the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing.' " *U.S. Bank Natl. Assn. v. Lewis*, 10th Dist. No. 18AP-550, 2019-Ohio-3014, ¶ 28, quoting *Adomeit*, paragraph four of the syllabus.

{¶ 15} Finally, we are mindful that " 'a motion for relief from judgment is not a substitute for a direct appeal from the judgment challenged.' " *Suon v. Mong*, 10th Dist. No. 17AP-879, 2018-Ohio-4187, ¶ 15, quoting *Colley v. Bazell*, 64 Ohio St.2d 243, 245 (1980), citing *Bosco v. Euclid*, 38 Ohio App.2d 40 (8th Dist.1974); *Town & Country Drive-In Shopping Ctrs., Inc. v. Abraham*, 46 Ohio App.2d 262 (10th Dist.1975).  Civ.R. 60(B) "may not 'be used to circumvent or extend the time requirements for filing an appeal.' " *Id.*, quoting *Blasco v. Mislik*, 69 Ohio St.2d 684, 686 (1982).  Thus, " 'an appeal from an order

denying relief under 60(B) does not bring up for review the judgment from which relief is sought.' " *Id.* at ¶ 16, citing *Town & Country Drive-In Shopping Ctrs.* at 266, quoting 7 Moore, *Federal Practice*, Section 60.30 (Internal quotation marks omitted.). Because a motion for relief from judgment may not be used as a substitute for a direct appeal from the judgment challenged, this court may not " 'do indirectly what it cannot do directly.' " *Id.*, quoting *Shoemaker Funeral Home v. Furtado*, 10th Dist. No. 88AP-400 (Sept. 1, 1988) (holding the appellate court lacked jurisdiction to review trial court's entry granting summary judgment, as appellant did not appeal the summary judgment ruling but, instead, appealed the trial court's entry denying appellant's motion for Civ.R. 60(B) relief); *Arbogast v. Werley*, 6th Dist. No. L-07-1283, 2008-Ohio-1555, ¶ 11.

{¶ 16} Against the foregoing authority, we find the trial court did not abuse its discretion in denying appellant's motion for relief from judgment. First and foremost, appellant's motion was not filed within a reasonable period of time. Because he seeks relief under Civ.R. 60(B)(1), he must have filed his motion "within a reasonable time, and * * * *not more than one year after the judgment, order or proceeding was entered or taken.*" (Emphasis added.) *GTE Automatic Elec., Inc.*, paragraph two of the syllabus. Yet the record is clear appellant waited more than 15 months after the trial court entered summary judgment in favor of Old Dominion to file his Civ.R. 60(B) motion for relief from judgment. Thus, appellant's motion was untimely under the requirements of *GTE* and this fact alone is fatal to his position.

{¶ 17} Furthermore, appellant's argument that the COVID-19 tolling order of March 27, 2020 applied to give him more time is meritless. The decision and entry granting summary judgment had been entered over nine months prior to the tolling order being issued. This is a more than adequate period of time in which to have filed his motion for relief from judgment, and it was not reasonable to wait until September 14, 2020 to file his Civ.R. 60(B) motion under the circumstances of this case.

{¶ 18} Moreover, it is of no aid to appellant that he may have a meritorious defense to present under the first prong of the *GTE* test set forth above. This is so because all three prongs must be met, and as we have already found, appellant has not met the timeliness prong. Thus, on the timeliness prong alone appellant's motion fails, and the trial court did not abuse its discretion in denying it.

{¶ 19} Even considering whether appellant is entitled to relief under Civ.R. 60(B)(5), the motion lacks merit. " 'Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B).' " *Wireless Resource LLC v. Garner*, 10th Dist. No. 11AP-1038, 2012-Ohio-2080, ¶ 16, quoting *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. "Courts only invoke Civ.R. 60(B)(5) in those extraordinary and unusual cases where the moving party demonstrates substantial grounds warranting relief from judgment." *Wiltz* at ¶ 40, citing *Gill v. Grafton Corr. Inst.*, 10th Dist. No. 10AP-1094, 2011-Ohio-4251, ¶ 37, quoting *Caruso-Ciresi, Inc.,* at paragraph two of the syllabus.

{¶ 20} In this case, which is neither extraordinary nor unusual, appellant has not demonstrated substantial grounds warranting relief from judgment. He failed to attach his evidentiary materials to his brief in opposition to Old Dominion's motion for summary judgment. He apparently did not carefully read Old Dominion's reply to his brief in opposition because if he had, he would have readily seen that Old Dominion had pointed out that only Dr. Freedman's affidavit had been attached. Then, even after he realized his error after the final judgment entry in favor of Old Dominion was granted, he still waited almost 15 months after the judgment entry had been issued until he filed his motion for relief from judgment. Appellant provides no explanation for why he failed to file his motion for relief from judgment immediately upon realizing his error, or at least take some other steps to seek leave from the court to append the record with the missing affidavits.

{¶ 21} Meanwhile, appellant *had* timely appealed the summary judgment in favor of Old Dominion. (*See* 10th Dist. No. 19AP-455.) But he failed to properly prosecute the appeal by neglecting to timely file his appellate brief, despite having been given multiple extensions in which to do so. It is well-settled that a Civ.R. 60(B) motion may not be used in place of a proper appeal of a final judgment. *See Colley v. Bazell*, 64 Ohio St.2d 243, 245 (1980), citing *Bosco v. Euclid*, 38 Ohio App.2d 40 (8th Dist.1974); *Town & Country Drive-In Shopping Ctrs., Inc. v. Abraham*, 46 Ohio App.2d 262 (10th Dist.1975). Appellant may not now use Civ.R. 60(B) as a substitute for what would have been a properly prosecuted appeal of the trial court's judgment entry issued on June 18, 2019.

### C. Discussion

{¶ 22} Accordingly, for the foregoing reasons, we overrule appellant's sole assignment of error, and we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

SADLER and McGRATH, JJ., concur.

———————————