[Cite as *Telhio Credit Union v. Byrd*, 2026-Ohio-2273.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Telhio Credit Union, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 25AP-425 |
| v. | : | (M.C. No. 2015 CVF 041578) |
| Tierra Byrd, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 16, 2026

**On brief:** *Keith D. Weiner & Associates Co., LPA,* and *Suzana Pastor*, for appellee. **Argued:** *Suzana Pastor*.

**On brief:** *Tierra Byrd*, pro se. **Argued:** *Tierra Byrd*.

APPEAL from the Franklin County Municipal Court

BOGGS, P.J.

{¶ 1} Defendant-appellant, Tierra Byrd, appeals the May 8, 2025 entry of the Franklin County Municipal Court denying her motion to vacate judgment. For the following reasons, we dismiss Byrd's appeal.

I. PROCEDURAL HISTORY AND FACTS

{¶ 2} Telhio Credit Union, plaintiff-appellee, filed a complaint against Byrd on December 21, 2015, stating that Byrd was indebted to Telhio and in breach of a written agreement regarding the purchase of a 2008 Jeep Liberty. Telhio stated that it suffered damages in the amount of $8,346.67 and demanded judgment against Byrd for the amount of its damages with interest from November 19, 2015. On July 13, 2016, the trial court granted default judgment to Telhio as Byrd failed to answer the complaint.

{¶ 3} On December 7, 2022, Byrd filed a motion to vacate judgment, arguing that she was never personally served with the summons as she did not live at the address where

it was sent.  Byrd presented electric bills and other documents corroborating that she resided at a different address than where service of the 2015 complaint was attempted.  On March 9, 2023, the trial court granted Byrd's motion to vacate judgment.

{¶ 4}  In May 2023, Telhio again attempted to serve Byrd with the complaint.  On June 28, 2023, Byrd filed an answer, denying all the allegations in the complaint and arguing that the amount Telhio says she owes is incorrect, that the complaint was barred by the statute of limitations, and that Telhio failed to send a notice of default and right of redemption/reinstatement, as well as a notice of sale.

{¶ 5}  On January 2, 2024, Telhio filed a motion for summary judgment, arguing, counter to Byrd, that the action was not barred by the statute of limitations and that it complied with Ohio's Retail Installment Sales Act and issued a Notice of Right to Redeem, a Notice of Plan to Sell Property, and a Statement of Sale.  Telhio argued that Byrd entered into a loan with Telhio

> for the purchase of a 2008 Jeep Liberty on July 13, 2013, and agreed to make monthly payments thereon in the sum of $375.00 per month for a period of seventy-two (72) months. Five (5) months into the contract term, Defendant defaulted by failing to tender her December, 2013 payment in full. Defendant's payment history became increasingly erratic, seeing Defendant tender partial payments for four (4) of her next six (6) installments, and no payments after June 4, 2014.

(Mot. for Summ. Jgmt. at 4.)

{¶ 6}  On April 18, 2024, the trial court granted Telhio's motion for summary judgment, finding that the statute of limitations did not bar Telhio's complaint.

{¶ 7}  On April 3, 2025, Byrd filed a Civ.R. 60(B) motion for relief from judgment, arguing fraud, misrepresentation, or other misconduct of Telhio under Civ.R. 60(B).  Byrd alleged that the deficiency amount was miscalculated; that her rights under the Truth in Lending Act, Fair Debt Collection Practices Act, and the Fair Credit Reporting Act were violated; and that the repossession of the 2008 Jeep Liberty was illegally accomplished by entering private property in a gated community.  Telhio filed a brief in opposition to Byrd's motion on April 17, 2025.

{¶ 8}   On May 8, 2025, the trial court denied Byrd's motion for relief from judgment, stating that she did not set forth any legal bases to grant her motion and that the trial court had already determined the claim on its merits in its entirety.

{¶ 9}   On May 22, 2025, Byrd filed the present appeal of the trial court's May 8, 2025 entry.

## II.  ASSIGNMENTS OF ERROR

{¶ 10}   Byrd argues the following assignments of error:

> [1.]  An abuse of discretion for trial court to accept a filed suit if the summons for the original judgement expired due to failure to properly serve appellant.
>
> [2.]  The trial judge erred and abused its discretion in granting a rescheduled trial hearing without proper notice or filed motion
>
> [3.]  Improper grant of summary Judgement and inaccuracies

(Sic passim.)  (Appellant's Brief at 4.)

## III.  DISCUSSION

{¶ 11}   We first note that all of Byrd's assignments of error allege errors in the trial court's granting of summary judgment on April 18, 2024, rather than the trial court's May 8, 2025 denial of Byrd's motion for relief from judgment that is now before us on appeal.  Byrd's assignments of error catalogue her arguments against summary judgment— that the statute of limitations has run on the lawsuit, that interest was improperly added back to 2015 when she was not served at the correct address, and that the trial court erred in rescheduling a hearing on summary judgment without proper notice.

{¶ 12}   This court has previously held that "a motion for relief from judgment is not a substitute for a direct appeal from the judgment challenged." *Suon v. Mong*, 2018-Ohio-4187, ¶ 15 (10th Dist.), quoting *Colley v. Bazell*, 61 Ohio St.2d 243, 245 (1980), citing *Bosco v. Euclid*, 38 Ohio App.2d 40 (8th Dist. 1974); *Town & Country Drive-In Shopping Ctrs, Inc. v. Abraham*, 46 Ohio App.2d 262 (10th Dist. 1975).  As a motion for relief from judgment "is not a substitute for a direct appeal from the judgment challenged," this court will not "do indirectly what it cannot do directly." *Shoemaker Funeral Home v. Furtado*, 1988 Ohio App. LEXIS 3614, *6 (10th Dist. Sept. 1, 1988) (holding the appellate court

lacked jurisdiction to review trial court's entry granting summary judgment, as appellant did not appeal the summary judgment ruling but, instead, appealed the trial court's entry denying appellant's motion for Civ.R. 60(B) relief); *Arbogast v. Werley*, 2008-Ohio-1555, ¶ 11 (6th Dist.).

{¶ 13} The trial court's granting of Telhio's motion for summary judgment was a final appealable order. *See* R.C. 2505.02(B)(1). App.R. 4(A)(1) dictates that in appeals of right, Byrd had 30 days to file a notice of appeal wherein she could have presented her arguments that the trial court abused its discretion.

{¶ 14} However, Byrd did not file an appeal and waited nearly a year to file her motion for relief from judgment arguing against the granting of summary judgment. Because Byrd does not present assignments of error challenging the trial court's decision denying her motion for relief from judgment, we lack jurisdiction to address her assignments of error and dismiss this appeal.

## IV. CONCLUSION

{¶ 15} Having found that we lack jurisdiction to address Byrd's assignments of error, we dismiss Byrd's appeal.

*Appeal dismissed.*

EDELSTEIN and DINGUS, JJ., concur.

———————————